## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RECKITT BENCKISER PHARMACEUTICALS INC., RB PHARMACEUTICALS LIMITED, and MONOSOL RX, LLC,<br><br>                        Plaintiffs,<br><br>    v.<br><br>WATSON LABORATORIES, INC.,<br><br>                        Defendant. | CA. No. 1:13-cv-01674-RGA |

## FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Reckitt Benckiser Pharmaceuticals Inc. ("RBP"), RB Pharmaceuticals Limited ("RBP UK"), and MonoSol Rx, LLC ("MonoSol") (collectively, "Plaintiffs") file this Amended Complaint against Defendant Watson Laboratories, Inc. ("Watson" or "Defendant") and allege as follows:[1]

## NATURE OF THE ACTION

1.    This is an action for patent infringement arising under the Food and Drug Laws and Patent Laws of the United States, Titles 21 and 35 of the United States Code, respectively, arising from Defendant's submission of an Abbreviated New Drug Application ("ANDA") to the Food and Drug Administration ("FDA") seeking approval to manufacture and sell a generic version of Plaintiff RBP's Suboxone® sublingual film prior to the expiration of United States Patent Nos. 8,475,832 ("the '832 patent"), 8,017,150 ("the '150 patent"), and 8,603,514 ("the '514 patent") (collectively, "the patents-in-suit").

---

[1] Pursuant to Federal Rule of Civil Procedure 15(a)(2), Defendant has provided written consent to Plaintiffs' filing of this pleading.

## THE PARTIES

2.      Plaintiff RBP is a Delaware corporation having a principal place of business at 10710 Midlothian Turnpike, Suite 430, Richmond, Virginia.

3.      Plaintiff RBP UK is a United Kingdom corporation having a principal place of business at 103-105 Bath Road, Slough, UK.

4.      Plaintiff MonoSol is a Delaware limited liability corporation having a principal place of business at 30 Technology Drive, Warren, New Jersey.

5.      On information and belief, Defendant Watson is a Delaware corporation having a principal place of business at 311 Bonnie Circle, Corona, California, 92880.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

7.      On information and belief, Defendant is in the business of, *inter alia*, developing, manufacturing, obtaining regulatory approval, marketing, selling, and distributing generic copies of branded pharmaceutical products in Delaware and throughout the United States.

8.      This Court has personal jurisdiction over Watson because of, *inter alia*, Watson's incorporation in Delaware, its continuous and systematic contacts with corporate entities within this judicial district, its previous submission to the jurisdiction of this judicial district, and its marketing and sales activities in this judicial district, including, but not limited to, the substantial, continuous, and systematic distribution, marketing, and/or sales of generic pharmaceutical products to residents of this judicial district.

9.      Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400.

## THE PATENTS-IN-SUIT

10.   Plaintiff RBP UK is the lawful owner of the '832 patent, and Plaintiff RBP is an exclusive licensee of the '832 patent. The '832 patent, entitled "Sublingual and Buccal Film Compositions," duly and legally issued on July 2, 2013, naming Garry L. Myers, Samuel D. Hillbert, Bill J. Boone, B. Arlie Bogue, Pradeep Sanghvi, and Madhusudan Hariharan as inventors. A true copy of the '832 patent is attached hereto as Exhibit A.

11.   Plaintiff MonoSol is the lawful owner of the '150 patent, and Plaintiff RBP is an exclusive licensee of the '150 patent. The '150 patent, entitled "Polyethylene Oxide-Based Films and Drug Delivery Systems Made Therefrom," duly and legally issued on September 13, 2011, naming Robert K. Yang, Richard C. Fuisz, Garry L. Myers, and Joseph M. Fuisz as inventors. A true copy of the '150 patent is attached hereto as Exhibit B.

12.   Plaintiff MonoSol is the lawful owner of the '514 patent, and Plaintiff RBP is an exclusive licensee of the '514 patent. The '514 patent, entitled "Uniform Films for Rapid Dissolve Dosage Form Incorporating Taste-Masking Compositions," duly and legally issued on December 10, 2013, naming Robert K. Yang, Richard C. Fuisz, Garry L. Myers, and Joseph M. Fuisz as inventors. A true copy of the '514 patent is attached hereto as Exhibit C.

## SUBOXONE® SUBLINGUAL FILM

13.   Plaintiff RBP is the holder of New Drug Application ("NDA") No. 22-410 for Suboxone® (buprenorphine hydrochloride and naloxone hydrochloride) sublingual film.

14.   On August 30, 2010, the FDA approved NDA No. 22-410 for the manufacture, marketing, and sale of Suboxone® sublingual film for the maintenance treatment of opioid dependence. Plaintiff RBP has sold Suboxone® sublingual film under NDA No. 22-410 since its approval.

15.     The patents-in-suit are listed in the FDA's Approved Drug Products with Therapeutic Equivalence Evaluations (the "Orange Book") as covering Suboxone® sublingual film.

## DEFENDANT'S ANDA

16.     Plaintiffs received a letter from Defendant dated August 27, 2013 (the "Notification Letter"), stating that ANDA No. 204383 contains a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) (a "Paragraph IV certification") alleging that the '832 and '150 patents are invalid, unenforceable, and/or will not be infringed by the manufacture, use, or sale of the generic product proposed in the ANDA.

17.     The Notification Letter further states that Defendant submitted ANDA No. 204383 to the FDA under 21 U.S.C. § 355(j), seeking approval to engage in commercial manufacture, use, and/or sale of buprenorphine hydrochloride and naloxone hydrochloride sublingual film ("Defendant's generic product") before expiration of the patents-in-suit.  On information and belief, ANDA No. 204383 refers to and relies on Plaintiff RBP's NDA for Suboxone® sublingual film and purports to contain data showing bioequivalence of Defendant's generic product with Suboxone® sublingual film.

18.     Plaintiffs commenced this action within 45 days of receiving the Notification Letter.

19.     Plaintiffs received another letter from Defendant dated February 4, 2014 ("the '514 Notification Letter"), stating that ANDA No. 204383 contains a Paragraph IV certification alleging that the '514 patent is invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, or sale of the generic product proposed in the ANDA.

20.     The '514 Notification Letter further states that ANDA No. 204383 seeks approval for Defendant to engage in commercial manufacture, use, or sale of Defendant's generic product before expiration of the '514 patent.  On information and belief, ANDA No. 204383 refers to and relies on Plaintiff RBP's NDA for Suboxone® sublingual film and purports to contain data showing bioequivalence of Defendant's generic product with Suboxone® sublingual film.

21.     Plaintiffs filed this Amended Complaint within 45 days of receiving the '514 Notification Letter.

## COUNT I
### (Infringement of the '832 Patent Under 35 U.S.C. § 271(e)(2))

22.     Plaintiffs reallege paragraphs 1-21 above as if fully set forth herein.

23.     On information and belief, Defendant's generic product is covered by one or more claims of the '832 patent.

24.     By filing ANDA No. 204383 under 21 U.S.C. § 355(j) for the purposes of obtaining approval to engage in the commercial manufacture, use, sale and/or importation of Defendant's generic product prior to the expiration of the '832 patent, Defendant has committed an act of infringement of the '832 patent under 35 U.S.C. § 271(e)(2).

25.     Plaintiffs are entitled to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the FDA set the effective date of approval for ANDA No. 204383 to be a date which is not any earlier than the expiration date of the '832 patent, including any extensions of that date.

## COUNT II
### (Infringement of the '150 Patent Under 35 U.S.C. § 271(e)(2))

26.     Plaintiffs reallege paragraphs 1-25 above as if fully set forth herein.

27.     On information and belief, Defendant's generic product is covered by one or more claims of the '150 patent.

28.     By filing ANDA No. 204383 under 21 U.S.C. § 355(j) for the purposes of obtaining approval to engage in the commercial manufacture, use, sale and/or importation of Defendant's generic product prior to the expiration of the '150 patent, Defendant has committed an act of infringement of the '150 patent under 35 U.S.C. § 271(e)(2).

29.     Plaintiffs are entitled to the relief provided by 35 U.S.C. § 271(e)(4), including, inter *alia*, an order of this Court that the FDA set the effective date of approval for ANDA No. 204383 to be a date which is not any earlier than the expiration date of the '150 patent, including any extensions of that date.

## COUNT III
### (Infringement of the '514 Patent Under 35 U.S.C. § 271(e)(2))

30.     Plaintiffs reallege paragraphs 1-29 above as if fully set forth herein.

31.     On information and belief, Defendants' generic product is covered by one or more claims of the '514 patent.

32.     ANDA No. 204383 under 21 U.S.C. § 355(j) seeks to obtain approval to engage in the commercial manufacture, use, sale and/or importation of Defendants' generic product prior to the expiration of the '514 patent. Therefore, Defendants' maintenance of this filing constitutes an act of infringement of the '514 patent under 35 U.S.C. § 271(e)(2).

33.     Plaintiffs are entitled to the relief provided by 35 U.S.C. § 271(e)(4), including, inter *alia*, an order of this Court that the FDA set the effective date of approval for ANDA No. 204383 to be a date which is not any earlier than the expiration date of the '514 patent, including any extensions of that date.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter:

A.      A judgment that Defendant has infringed each of the patents-in-suit under 35 U.S.C. § 271(e)(2) by submitting and maintaining ANDA No. 204383;

B.      Preliminary and permanent injunctions, restraining and enjoining Defendant, its officers, agents, attorneys, affiliates, divisions, successors and employees, and those acting in privity or concert with it, from engaging in, causing, or inducing the commercial manufacture, use, offer to sell, or sale within the United States, or importation into the United States, of drugs and formulations, or from inducing and/or encouraging the use of methods, claimed in the patents-in-suit;

C.      An order that the effective date of any approval of ANDA No. 204383 be a date that is not earlier than the expiration of the last to expire of the patents-in-suit, including any extensions thereof and any later expiration of exclusivity associated with those patents;

D.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiffs their reasonable attorneys' fees;

E.      A judgment granting Plaintiffs compensatory damages in an amount to be determined at trial including both pre-judgment and post-judgment interest if Defendant commercially manufactures, uses, offers to sell, or sells in the United States, or imports into the United States, Defendant's generic product before the expiration of each patent-in-suit that Defendant is found to infringe, including any extensions; and

F.      Any and all other relief as the Court deems just and proper.

Dated:  February 18, 2014

Of Counsel:

Daniel A. Ladow
James M. Bollinger
Timothy P. Heaton
TROUTMAN SANDERS LLP
405 Lexington Avenue
New York, NY 10174
(212) 704-6000
(212) 704-6288 (Fax)
Daniel.ladow@troutmansanders.com
James.bollinger@troutmansanders.com
Timothy.heaton@troutmansanders.com

Troy S. Kleckley
Puja R. Patel
TROUTMAN SANDERS LLP
600 Peachtree Street, NE
Suite 5200
Atlanta, GA 30308
(404) 885-3000
(404) 885-3900 (Fax)
Troy.kleckley@troutmansanders.com
Puja.patel@troutmansanders.com

*Attorneys for Plaintiff Reckitt Benckiser*
*Pharmaceuticals, Inc. & RB Pharmaceuticals*
*Limited*

James F. Hibey
Timothy C. Bickham
Houda Morad
Stephanie L. Sconewald
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington DC 20036
(202) 429-3000
(202) 429-3902 (Fax)
jhibey@steptoe.com
tbickham@steptoe.com
hmorad@steptoe.com
sschonew@steptoe.com

*Attorneys for Plaintiff MonoSol Rx, LLC*

Respectfully submitted,

**WOMBLE CARLYLE SANDRIDGE & RICE, LLP**

*/s/ Mary W. Bourke*
Mary W. Bourke (#2356)
Dana K. Severance (#4869)
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
(302) 252-4320
(302) 252-4330 (Fax)
mbourke@wcsr.com
dseverance@wcsr.com

*Attorneys for Plaintiffs*

8

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2014, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered participants.

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on February 18, 2014, upon the following individuals via electronic mail:

James F. Hurst
Michael K. Nutter
Peter J. Slawniak
Mr. Sharick Naqi
WINSTON & STRAWN, LLP
35 W. Wacker Drive
Chicago, IL 60601
(312) 558-5600
(312) 558-5700 (Fax)
jhurst@winston.com
mnutter@winston.com
pslawniak@winston.com
snaqi@winston.com

Peter E. Perkowski
David P. Dalke
WINSTON & STRAWN, LLP
333 S. Grand Avenue, Suite 3800
Los Angeles, CA 90071
(231) 615-1700
(231) 615-1750 (Fax)
pperkowski@winston.com
ddalke@winston.com
*Attorneys for Defendant Watson Laboratories, Inc.*

Melinda K. Lackey
WINSTON & STRAWN, LLP
1111 Louisiana Street, 25th Floor
Houston, TX 7702-5242
(713) 651-2600
(713) 651-2700 (Fax)
mlackey@winston.com

Megan C. Haney
John C. Phillips, Jr.
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 N. Broom Street
Wilmington, DE 19806
(302) 655-4200
(302) 655-4210 (Fax)
mch@pgslaw.com
jcp@pgslaw.com

31946271

9