IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RECKITT BENCKISER
PHARMACEUTICALS, INC., RB
PHARMACEUTICALS LIMITED, and
MONOSOL RX, LLC,

Plaintiffs,

v.

WATSON LABORATORIES, INC.,

Defendant.

)
)
)
)
)
)
)
)
)
)
)

CA. No. 13-1674-RGA

**PLAINTIFFS' ANSWER TO DEFENDANT
WATSON LABORATORIES, INC.'S COUNTERCLAIMS**

Plaintiffs Reckitt Benckiser Pharmaceuticals, Inc. ("RBP"), RB Pharmaceuticals Limited

("RBP UK"), and MonoSol Rx, LLC ("MonoSol") (collectively, "Plaintiffs") herein reply to the

numbered paragraphs of the Counterclaims of Defendant Watson Laboratories, Inc. ("Watson")

as alleged in Watson's March 4, 2014 Answer To The First Amended Complaint, as follows:

**COUNTERCLAIMS**

**The Parties**

1.      Plaintiffs lack sufficient knowledge or information to admit or deny the

allegations in paragraph 1 and, therefore, deny the same.

2.      RBP admits that it is a Delaware corporation having a principal place of business

at 10710 Midlothian Turnpike, Suite 430, Richmond, Virginia.

3.      RBP UK admits that it is a United Kingdom corporation having a principal place

of business at 103-105 Bath Road, Slough, UK.

4.      MonoSol admits that it is a Delaware limited liability corporation having a

principal place of business at 30 Technology Drive, Warren, New Jersey.

**Jurisdiction and Venue**

5.      Paragraph 5 states a legal conclusion to which no reply is required.  To the extent a reply is required, Plaintiffs admit that this Court has subject matter jurisdiction over Watson's counterclaims in this action relating to U.S. Patent Nos. 8,475,832 ("the '832 patent"), 8,017,150 ("the '150 patent"), and 8,603,514 ("the '514 patent") (collectively, "the patents-in-suit").

6.      Paragraph 6 states a legal conclusion to which no reply is required.  To the extent a reply is required, RBP admits that this Court has personal jurisdiction over RBP in this action due to Plaintiffs' filing of a civil action in this judicial district against Defendant.

7.      Paragraph 7 states a legal conclusion to which no reply is required.  To the extent a reply is required, RBP UK admits that this Court has personal jurisdiction over RBP UK in this action due to Plaintiffs' filing of a civil action in this judicial district against Defendant.

8.      Paragraph 8 states a legal conclusion to which no reply is required.  To the extent a reply is required, MonoSol admits that this Court has personal jurisdiction over MonoSol in this action due to Plaintiffs' filing of a civil action in this judicial district against Defendant.

9.      Paragraph 9 states a legal conclusion to which no reply is required.  To the extent a reply is required, Plaintiffs' admit that venue for this action is proper in this Court.

10.     The allegations of Paragraph 10 contain a legal conclusion to which no response is required.  Plaintiffs admit that they filed a civil action in this district against Defendant for infringement of the patents-in-suit.  Plaintiffs admit that an actual case or controversy exists between the parties with respect to infringement of the patents-in-suit.  Plaintiffs deny all other allegations of Paragraph 10.

**Background**

11.     Plaintiffs admit the allegations in Paragraph 11.

2

12.     The allegations of Paragraph 12 contain alleged legal requirements and FDA practices to which no response is required.

13.     Plaintiffs admit the allegations in Paragraph 13.

14.     Plaintiffs admit that RBP UK is the lawful owner of the '832 patent, and otherwise deny the allegations of Paragraph 14.

15.     Plaintiffs admit the allegations in Paragraph 15.

16.     Plaintiffs admit that MonoSol is the lawful owner of the '150 patent, and otherwise deny the allegations of Paragraph 16.

17.     Plaintiffs admit that RBP is an exclusive licensee of the '150 patent, and otherwise deny the allegations of Paragraph 17.

18.     Plaintiffs admit the allegations in Paragraph 18.

19.     Plaintiffs admit that MonoSol is the lawful owner of the '514 patent, and otherwise deny the allegations of Paragraph 19.

20.     Plaintiffs admit that RBP is an exclusive licensee of the '514 patent, and otherwise deny the allegations of Paragraph 20.

21.     Plaintiffs admit that RBP caused the FDA to list the patents-in-suit in the Orange Book, and otherwise deny the allegations of Paragraph 21.

22.     Plaintiffs admit the allegations in Paragraph 22.

23.     Plaintiffs admit the allegations in Paragraph 23.

24.     Plaintiffs admit the allegations in Paragraph 24.

25.     Plaintiffs admit the allegations in Paragraph 25.

**COUNT I**
**(Declaratory Judgment of Non-Infringement of the '832 Patent)**

26.     Plaintiffs repeat the responses contained in paragraphs 1-25 of their Answer as if fully set forth herein.

27.     Plaintiffs deny the allegations of paragraph 27.

28.     The allegations of paragraph 28 contain a legal conclusion to which no response is required.  Plaintiffs admit that they filed a civil action in this judicial district against Defendant for infringement of the '832 patent.  Plaintiffs admit that an actual case or controversy exists between the parties with respect to infringement of the '832 patent.  Plaintiffs deny all other allegations of paragraph 28.

29.     Plaintiffs deny the allegations of paragraph 29.

**COUNT II**
**(Declaratory Judgment of Non-Infringement of the '150 Patent)**

30.     Plaintiffs repeat the responses contained in paragraphs 1-29 of their Answer as if fully set forth herein.

31.     Plaintiffs deny the allegations of paragraph 31.

32.     The allegations of paragraph 32 contain a legal conclusion to which no response is required.  Plaintiffs admit that they filed a civil action in this judicial district against Defendant for infringement of the '150 patent.  Plaintiffs admit that an actual case or controversy exists between the parties with respect to infringement of the '150 patent.  Plaintiffs deny all other allegations of paragraph 32.

33.     Plaintiffs deny the allegations of paragraph 33.

## COUNT III
### (Declaratory Judgment of Non-Infringement of the '514 Patent)

34.     Plaintiffs repeat the responses contained in paragraphs 1-33 of their Answer as if fully set forth herein.

35.     Plaintiffs deny the allegations of paragraph 35.

36.     The allegations of paragraph 36 contain a legal conclusion to which no response is required.  Plaintiffs admit that they filed a civil action in this judicial district against Defendant for infringement of the '514 patent.  Plaintiffs admit that an actual case or controversy exists between the parties with respect to infringement of the '514 patent.  Plaintiffs deny all other allegations of paragraph 36.

37.     Plaintiffs deny the allegations of paragraph 37.

## COUNT IV
### (Declaratory Judgment of Invalidity of the '832 Patent)

38.     Plaintiffs repeat the responses contained in paragraphs 1-37 of their Answer as if fully set forth herein.

39.     Plaintiffs deny the allegations of paragraph 39.

40.     The allegations of paragraph 40 contain a legal conclusion to which no response is required.  Plaintiffs admit that they filed a civil action in this judicial district against Defendant for infringement of the '832 patent.  Plaintiffs admit that an actual case or controversy exists between the parties with respect to infringement of the '832 patent.  Plaintiffs deny all other allegations of paragraph 40.

41.     Plaintiffs deny the allegations of paragraph 41.

## COUNT V
### (Declaratory Judgment of Invalidity of the '150 Patent)

42.     Plaintiffs repeat the responses contained in paragraphs 1-41 of their Answer as if fully set forth herein.

43.     Plaintiffs deny the allegations of paragraph 43.

44.     The allegations of paragraph 44 contain a legal conclusion to which no response is required.  Plaintiffs admit that they filed a civil action in this judicial district against Defendant for infringement of the '150 patent.  Plaintiffs admit that an actual case or controversy exists between the parties with respect to infringement of the '150 patent.  Plaintiffs deny all other allegations of paragraph 44.

45.     Plaintiffs deny the allegations of paragraph 45.

## COUNT VI
### (Declaratory Judgment of the Invalidity of the '514 Patent)

46.     Plaintiffs repeat the responses contained in paragraphs 1-45 of their Answer as if fully set forth herein.

47.     Plaintiffs deny the allegations of paragraph 47.

48.     The allegations of paragraph 48 contain a legal conclusion to which no response is required.  Plaintiffs admit that they filed a civil action in this judicial district against Defendant for infringement of the '514 patent.  Plaintiffs admit that an actual case or controversy exists between the parties with respect to infringement of the '514 patent.  Plaintiffs deny all other allegations of paragraph 48.

49.     Plaintiffs deny the allegations of paragraph 49.

## PRAYER FOR RELIEF

The "WHEREFORE" paragraph following paragraph 49 of the Counterclaims and the seven lettered paragraphs A-G that follow it purport to state Watson's prayer for relief, to which no response is required. To the extent that a response is required, Plaintiffs deny the allegations set forth in the "WHEREFORE" paragraph following paragraph 49 of the Counterclaims and the seven lettered paragraphs A-G that follow it and deny that Watson is entitled to any of the relief described therein, or to any relief whatsoever.

Plaintiffs deny any and all allegations of the Counterclaims not expressly admitted herein.

WHEREFORE, Plaintiffs respectfully request the following relief:

(a)     An order dismissing Watson's Counterclaims with prejudice, and a judgment that Watson is not entitled to the relief sought, or to any other relief on its Counterclaims;

(b)     An order granting each and every Prayer for Relief sought by Plaintiffs in their First Amended Complaint; and

(c)     An award of costs and expenses of Plaintiffs in defending the Counterclaims.

Dated:  March 28, 2014                                   Respectfully submitted,

Of Counsel:                                              **WOMBLE CARLYLE SANDRIDGE & RICE, LLP**

Daniel A. Ladow                                          */s/ Mary W. Bourke*
James M. Bollinger                                       Mary W. Bourke (#2356)
Timothy P. Heaton                                        Dana K. Severance (#4869)
TROUTMAN SANDERS LLP                                     222 Delaware Avenue, Suite 1501
405 Lexington Avenue                                     Wilmington, DE 19801
New York, NY 10174                                       (302) 252-4320
(212) 704-6000                                           (302) 252-4330 (Fax)
(212) 704-6288 (Fax)                                     mbourke@wcsr.com
Daniel.ladow@troutmansanders.com                         dseverance@wcsr.com
James.bollinger@troutmansanders.com
Timothy.heaton@troutmansanders.com                       *Attorneys for Plaintiffs*

Troy S. Kleckley
Puja R. Patel
TROUTMAN SANDERS LLP
600 Peachtree Street, NE
Suite 5200
Atlanta, GA 30308
(404) 885-3000
(404) 885-3900 (Fax)
Troy.kleckley@troutmansanders.com
Puja.patel@troutmansanders.com

*Attorneys for Plaintiff Reckitt Benckiser*
*Pharmaceuticals, Inc. & RB Pharmaceuticals*
*Limited*

James F. Hibey
Timothy C. Bickham
Houda Morad
Stephanie L. Sconewald
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington DC 20036
(202) 429-3000
(202) 429-3902 (Fax)
jhibey@steptoe.com
tbickham@steptoe.com
hmorad@steptoe.com
sschonew@steptoe.com

*Attorneys for Plaintiff MonoSol Rx, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2014, I caused the foregoing to be electronically filed

with the Clerk of the Court using CM/ECF which will send electronic notification of such filing

to all registered participants.

Additionally, I hereby certify that true and correct copies of the foregoing were caused to

be served on March 28, 2014, upon the following individuals via electronic mail:

James F. Hurst
Michael K. Nutter
Peter J. Slawniak
Mr. Sharick Naqi
WINSTON & STRAWN, LLP
35 W. Wacker Drive
Chicago, IL 60601
(312) 558-5600
(312) 558-5700 (Fax)
jhurst@winston.com
mnutter@winston.com
pslawniak@winston.com
snaqi@winston.com

Peter E. Perkowski
David P. Dalke
WINSTON & STRAWN, LLP
333 S. Grand Avenue, Suite 3800
Los Angeles, CA 90071
(231) 615-1700
(231) 615-1750 (Fax)
pperkowski@winston.com
ddalke@winston.com
*Attorneys for Defendant Watson Laboratories, Inc.*

Melinda K. Lackey
WINSTON & STRAWN, LLP
1111 Louisiana Street, 25th Floor
Houston, TX 7702-5242
(713) 651-2600
(713) 651-2700 (Fax)
mlackey@winston.com


Megan C. Haney
John C. Phillips, Jr.
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 N. Broom Street
Wilmington, DE 19806
(302) 655-4200
(302) 655-4210 (Fax)
mch@pgslaw.com
jcp@pgslaw.com

9