IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RECKITT BENCKISER
PHARMACEUTICALS INC., et al., :
:
        Plaintiffs, :
:
v. : Civil Action No. 13-1674-RGA
:
WATSON LABORATORIES INC., :
:
        Defendant. :

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RECKITT BENCKISER
PHARMACEUTICALS INC., et al., :
:
        Plaintiffs, :
:
v. : Civil Action No. 14-422-RGA
:
PAR PHARMACEUTICALS INC., et al., :
:
        Defendants. :

**ORDER**

In No. 13-1674, there is a schedule. In No. 14-422, there is not. The latter case is a replacement for an earlier case, No. 13-1461, which has now been dismissed. The schedules in Nos. 13-1674 & 13-1461 were coordinated; in practical effect, the two cases had been consolidated. The question now is whether No. 14-422 should acquire the position that No. 13-1461 had, or whether it should proceed more or less separately. Plaintiffs argue that the Defendants should not benefit from wrongdoing in triggering the litigation before the statutory

requirements were met. Defendants argue they did nothing (clearly) wrong, and, in any event, there are substantial efficiencies in keeping the same schedule in both cases. I think both sides have a point. Thus, for pretrial purposes, I am going to consolidate Nos. 13-1674 and 14-422, *see* Fed. R. Civ. P. 42, for all pretrial proceedings until further notice, but, at a minimum, through the December 3, 2014, Markman hearing. I also direct that the schedule for all subsequent events in No. 14-422 follow the schedule previously set in No. 13-1461, with the following caveat. I expect at some point when I have a better handle on the case, for example, at the Markman hearing, I will entertain a request from Plaintiffs for a later trial and pretrial date for some or all of the issues in No. 14-422.[1]

The parties should submit a proposed scheduling order in No. 14-422 consistent with the foregoing.

IT IS SO ORDERED this 28th day of May 2014.

Richard G. Andrews
United States District Judge

---

[1] For example, if there is going to be a trial on infringement in No. 14-422, I might sever that issue and try it separately. On the other hand, to the extent the Defendants in both cases have the same invalidity arguments, there is a lot to be said for trying them together. Possibly, we might try all issues at the same time, and I would issue the No. 13-1674 opinion separately and before the No. 14-422 opinion. I am sure the parties can come up with some other suggestions for how to avoid rewarding the 14-422 Defendants for their dubious conduct while at the same time minimizing the extra work that might otherwise be required of the Court and the Plaintiffs.