# PHILLIPS, GOLDMAN & SPENCE, P. A.

ATTORNEYS AT LAW

JOHN C. PHILLIPS, JR.
STEPHEN W. SPENCE*
ROBERT S. GOLDMAN*†**
LISA C. McLAUGHLIN+
JAMES P. HALL
DAVID A. BILSON***
MEGAN C. HANEY
STEPHEN A. SPENCE
AARON C. BAKER

ALSO MEMBER OF
*PENNSYLVANIA BAR
**NEW JERSEY BAR
+MARYLAND BAR
†FLORIDA BAR

PENNSYLVANIA AVE. AND BROOM ST.
1200 N. BROOM STREET
WILMINGTON, DELAWARE 19806

(302) 655-4200
(302) 655-4210 (F)
www.pgslaw.com

July 7, 2014

**VIA CM/ECF & HAND DELIVERY**
The Honorable Richard G. Andrews
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3555

Re: *Reckitt Benckiser, et al. v. Watson Laboratories, Inc.,* C.A. No. 13-1674-RGA

Dear Judge Andrews,

On behalf of Defendant Watson, this responds to the Court's July 2 oral order asking counsel to respond to three questions (D.I. 70). Because question three was directed solely to Plaintiffs, Watson responds to the Court's first two questions below.

**(1) On proposed protective order, is section 4.1 correct in not having a "highly confidential" category in first sentence?**

Your Honor's question made us aware that the designation "Highly Confidential" was mistakenly omitted from the first sentence of Section 4.1. It should be included there, as follows, with the proposed addition underlined for the convenience of the Court:

> 4.1  Each page of a document and each thing that constitutes or contains CONFIDENTIAL, <u>HIGHLY CONFIDENTIAL,</u> or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY Information or Items shall be labeled or marked with the legend "CONFIDENTIAL," <u>"HIGHLY CONFIDENTIAL,"</u> or "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY" when the document or thing is provided or produced to the Receiving Party.

**(2) On page 8, footnote 2, should "highly confidential" read "highly confidential—outside counsel's eyes only"?**

Yes. Footnote 2 should read "highly confidential—outside counsel's eyes only."

As Plaintiffs themselves have acknowledged, Plaintiffs initially proposed a two-tiered confidentiality system back in January. Watson agreed to the two-tiered system if it included

footnote 2, which was added to a February draft of the protective order and never challenged until May. This is why Watson did not join in the three-tiered system that Defendants Par and Alvogen advocated: Watson had footnote 2 and thus did not need three tiers.

At the time it was initially agreed to, footnote 2 referred only to "Highly Confidential" material (not "Highly Confidential—Outside Counsel's Eyes Only" material) because under the two-tiered confidentiality system, the "Highly Confidential" designation was the the highest level of confidentiality. That is, under the two-tiered system, there was no need for footnote 2 to reference a "Highly Confidential—Outside Counsel's Eyes Only" designation.

As a result of the Court's ruling in April, however, the protective order was restructured to include three tiers of confidentiality, a system that Plaintiffs had opposed. Watson did not immediately appreciate that this restructuring might require changes to footnote 2. In fact, Watson assumed that the two-tiered system—which, as between Plaintiffs and Watson, was agreed to and not disputed in the April hearing—continued to apply to its case while the Par action would be governed by three tiers. Watson confirmed this understanding with Plaintiffs in a May 7 e-mail, stating that "Watson has two levels of confidentiality: Confidential and Highly Confidential," and so footnote 2 would apply to material designated with the highest level of confidentiality, however it was marked.

Any suggestion that Plaintiffs always believed that footnote 2 applied to Highly Confidential material but not to Highly Confidential-Outside Counsel's Eye Only material is contrary to the history of edits to the proposed protective order. In particular, at the time footnote 2 was agreed to, Plaintiffs' own position was that the protective order should have two tiers. So if Plaintiffs prevailed, footnote 2 would allow in-house counsel to see attorney-prepared documents that referenced material designated with the highest level of confidentiality, *exactly as it was intended to*. The intent should not change merely because Plaintiffs did not prevail and the three-tiered system was adopted instead.

Watson recognizes that there are impracticalities inherent in subjecting Plaintiffs to a two-tiered system for Watson and a three-tiered system for Par. Watson's in-house counsel, however, should be granted access to attorney-prepared documents designated with the highest level of confidentiality as Plaintiffs initially agreed to grant. Watson submits that it makes sense to modify footnote 2 so that it refers to "Highly Confidential—Outside Counsel's Eyes Only" material and should read as follows, with changes underlined for the convenience of the Court:

> Notwithstanding anything to contrary in ¶ 6.1, absent written consent from the Producing Party in C.A. 13-1674, no In-House Counsel for RBP or MonoSol shall receive access to or disclosure of any material designated HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY by Watson and no In-House Counsel for Watson shall receive access to or disclosure of any material designated HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL EYE'S ONLY by RBP or MonoSol. Subject to the foregoing, nothing in this provision shall preclude In-House Counsel for RBP, MonoSol, and/or Watson from seeing motions, briefs, pleadings and/or expert reports filed or served in CA 13-1674, provided that no In-House counsel for the foregoing has access to any

underlying material designated as <u>HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY</u>.

Counsel are available at the convenience of the Court should Your Honor have any questions or require further information on these matters.

          Respectfully submitted,

          */s/ John C. Phillips, Jr.*

          John C. Phillips, Jr. (No. 110)