IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RECKITT BENCKISER PHARMACEUTICALS, INC., RB PHARMACEUTICALS LIMITED, and MONOSOL RX, LLC, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | CA. No. 13-1674-RGA |
| v. | ) ) | |
| WATSON LABORATORIES, INC., | ) ) | |
| Defendant. | ) ) | |
| RECKITT BENCKISER PHARMACEUTICALS, INC., RB PHARMACEUTICALS LIMITED, and MONOSOL RX, LLC, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 14-422-RGA |
| v. | ) ) | |
| PAR PHARMACEUTICAL, INC. and INTELGENX TECHNOLOGIES CORP., | ) ) ) | |
| Defendants. | ) ) | |

## STIPULATED PROTECTIVE ORDER

Whereas discovery in the Two Related Actions[1] cases may necessarily involve the disclosure of certain documents, things, and information in the possession, custody or control of a Party or a non-party that constitute or contain trade secrets or other confidential research,

---

[1] As used herein, the term "the Two Related Actions" refers to Plaintiffs' two separate infringement suits against (1) Watson Laboratories Inc. (Watson), C.A. No. 13-1674-RGA; and (2) Par Pharmaceuticals, Inc. (Par), and IntelGenx Technologies Corp. (IntelGenx), C.A. No. 14-442-RGA.

development, manufacture, regulatory, financial, marketing or other competitive information within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure; and

Whereas the Parties have in good faith conferred and have agreed upon the terms of a Protective Order and for good cause shown; therefore

The Parties stipulate, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, subject to the approval of the Court, to the following Protective Order:

## I.     Scope Of Protection.

1.1     This Protective Order shall govern any record of information, designated pursuant to § III of this Protective Order, produced in the Two Related Actions, including, without limitation, all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, all designated written discovery, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal methods of discovery.

1.2     This Protective Order shall also govern any designated record of information produced in the Two Related Actions pursuant to required disclosures under any federal procedural rule, District of Delaware local rule, and any supplementary disclosures thereto.

1.3     This Protective Order shall apply to the Parties and any non-party from whom discovery may be sought and who desires the protection of this Protective Order.

## II.     Definitions.

2.1     The Two Related Actions: see footnote 1 above.

2.2     Party: any party to the Two Related Actions, including all of its officers, directors, employees, and (other than outside legal counsel) consultants. "Parties" shall mean each and every Party, collectively, to the Two Related Actions.

2

2.3     Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, documents, testimony, transcripts, or tangible things) that are produced or generated in discovery in this matter.

2.4     "CONFIDENTIAL" Information or Items: any documents or information that the Producing Party believes in good faith contains nonpublic information related to personal identifying data, such as email addresses and phone numbers, or other proprietary or commercially sensitive information.

2.5     "HIGHLY CONFIDENTIAL"     Information or Items: any documents or information that a Party believes in good faith contains nonpublic information related to (1) New Drug Application No. 22-410; (2) the ANDAs in the Two Related Actions; (3) non-public correspondence with the FDA; and (4) information relating to the research and development of the product in Plaintiffs' NDA or the ANDAs in the Two Related Actions, and other highly sensitive information that the Producing Party, in good faith, believes should be so designated.

2.6     "HIGHLY     CONFIDENTIAL—OUTSIDE     COUNSEL     EYES     ONLY" Information or Items: any documents or information that a Party believes in good faith contains nonpublic information related to (1) highly sensitive financial and economic information, including financial planning, financial performance, marketing plans, business plans, competitive strategies, and business relationships; (2) research, development and production, including current or future products, such as those presently in development or undergoing FDA approval, except insofar as such information is subject to designation under section 2.5 above; and (3) patent applications that are not yet published and information that constitutes a trade secret.

3

2.7     Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.8     Producing Party: a Party or non-party that provides or produces Disclosure or Discovery Material in the Two Related Actions and designates it as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL'S EYES ONLY."

2.9     Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL— OUTSIDE COUNSEL'S EYES ONLY."

2.10    Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in the Two Related Actions, and employees of said attorneys who are assisting in the prosecution or defense of this litigation. Unless otherwise expressly approved through written stipulation or order, Outside Counsel shall include only the law firms of record for each Party to the Two Related Actions.

2.11    In-House Counsel: attorneys who are employees of a Party. For the purposes of this provision, it is understood that attorneys who are employees of Reckitt Benckiser Group plc, the parent company of Plaintiff Reckitt Benckiser Pharmaceutical, Inc., will also be encompassed by the term In-House Counsel and will be subject to the provisions of this Protective Order insofar as any information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL hereunder is disclosed to them.     *OK*

2.12    Counsel (without qualifier): Outside Counsel and In-House Counsel (as well as their support staffs).

4

### III.   Designation.

3.1     Each Party, as well as any non-party witness or entity producing materials or providing testimony for use in the Two Related Actions, shall have the right to designate information as CONFIDENTIAL, HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY subject to this Protective Order. To the extent that material is marked CONFIDENTIAL or HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY, such material shall only be revealed to or used by limited categories of individuals, as provided for herein, and shall not be communicated in any manner, either directly or indirectly, to any person or entity not permitted disclosure pursuant to this Protective Order. Any copies of such material, abstracts, summaries or information derived therefrom, and any notes or other records regarding the contents thereof, shall also be deemed CONFIDENTIAL, HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY as so designated, and the same terms regarding confidentiality of these materials shall apply as apply to the originals.

### IV.   Marked Documents And Things.

7/9/14
R6A

4.1     Each page of a document and each thing that constitutes or contains
HIGHLY CONFIDENTIAL,
CONFIDENTIAL, or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY
)∧                                         " HIGHLY CONFIDENTIAL,"
Information or Items shall be labeled or marked with the legend "CONFIDENTIAL," or
) ∧                      R6A
"HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY" when the document or
7/9/14
thing is provided or produced to the Receiving Party. Anything that cannot be so labeled or marked on its face shall be labeled or marked by placing the appropriate legend on a container or package in which it is produced or on a tag attached thereto. Material provided or produced without any such legend shall not be subject to the protections afforded such information under this Protective Order unless otherwise agreed by the Parties, ordered by the Court, or designated

5

in accordance with § XVI of this Protective Order. Notwithstanding the foregoing, a party may subsequently designate a previously produced document or thing as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY," and such subsequent designation shall then apply to all previously undesignated copies of the same document or thing.

4.2     Should a Party opt to make materials available for inspection in response to a discovery request, such inspection shall be conducted on an Outside Counsel Eyes Only basis and considered to constitute HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY information unless otherwise agreed by the Parties. Once produced, such materials shall be treated by the Receiving Party in accordance with any confidentiality designation made at the time of their production.

### V.     Limit On Use And Disclosure Of Designated Information.

5.1     Each Party and all persons bound by the terms of this Protective Order shall use any document or information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY only in connection with the prosecution or defense of the Two Related Actions, except by consent of the Parties or order of the Court. Such use includes, but is not limited to, offering evidence and testimony at trial and/or other hearings, preparing for and conducting discovery, preparing for trial, and supporting or opposing any motion in the Two Related Actions. Except as provided for in this Order, no Party or other person shall disclose or release any information or document governed by this Protective Order to any person or entity not authorized pursuant to this Protective Order to receive such information or document.

5.2     Material designated CONFIDENTIAL, HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY, and all information derived

6

therefrom, shall be used only by persons permitted access to such information under this Protective Order, shall not be disclosed by the Receiving Party to any person or entity not entitled under this Protective Order to have access to such material, and shall not be used by the Receiving Party for any purpose other than in connection with the Two Related Actions, including without limitation for any research, development, manufacture, patent prosecution, financial, commercial, marketing, regulatory, business, or other competitive purpose. Absent consent of the Producing Party or further order of this Court, all persons receiving information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY are expressly prohibited from using or disclosing such information in connection with any practice before or communication with the United States Patent and Trademark Office, the United States Food & Drug Administration, the United States Pharmacopeia, or their counterpart organizations in any foreign jurisdiction.

5.3     If a Party opts to produce documents containing material designated CONFIDENTIAL, HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY in hard copy, then the Receiving Party shall maintain any complete hard copy production sets at the offices of Outside Counsel only.  For the avoidance of doubt, nothing in this paragraph shall prohibit the Receiving Party from maintaining complete electronic copies of any hard copy productions subject to the remaining provisions of this Order, including Paragraphs 7.2 and 7.3 and below.

5.4     This Protective Order shall not bar any Counsel from rendering legal advice to such attorney's client that is based in part on the attorney's analysis or evaluation of materials designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY that are produced or exchanged, provided, however, that

7

in rendering such advice and otherwise communicating with his/her client, the attorney shall not disclose the substance of any materials designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY by a Producing Party contrary to the terms of this Protective Order.

5.5   The Parties agree to meet and confer in good faith prior to trial to establish procedures concerning the use of material designated CONFIDENTIAL, HIGHLY CONFIDENIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY at trial. Nothing in this Protective Order shall preclude any Party from moving the Court to seal the courtroom, trial exhibits, or the trial transcript in order to preserve the confidential nature of any material designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY in accordance with this Protective Order.

## VI.   Disclosure Of Designated Information.

6.1   Except as provided in §§ XI, XII, and XVIII, documents or information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL[2] or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY, as described in this Protective Order, may be disclosed by the recipient thereof only to the following individuals as follows:

---

[2] [**Watson's Proposal:** Notwithstanding anything to contrary in ¶ 6.1, absent written consent from the Producing Party in C.A. 13-1674, no In-House Counsel for RBP or MonoSol shall receive access to or disclosure of any material designated HIGHLY CONFIDENTIAL by Watson and no In-House Counsel for Watson shall receive access to or disclosure of any material designated HIGHLY CONFIDENTIAL by RBP or MonoSol. Subject to the foregoing, nothing in this provision shall preclude In-House Counsel for RBP, MonoSol, and/or Watson from seeing motions, briefs, pleadings and/or expert reports filed or served in CA 13-1674, provided that no In-House counsel for the foregoing has access to any underlying material designated as HIGHLY CONFIDENTIAL.

**Plaintiffs' Proposal:** Footnote 2 should be omitted.]

*[handwritten: NO FOOTNOTE TWO RBA 7/9/14]*

8

(a)  The following individuals may receive CONFIDENTIAL or HIGHLY
CONFIDENTIAL information:

(i)  Four In-House Counsel of Reckitt Benckiser Pharmaceuticals, Inc., RB
Pharmaceuticals Limited, Reckitt Benckiser Group plc (collectively "RBP"), and
their authorized secretarial, paralegal, clerical and legal assistant staff whose
duties require access to material designated CONFIDENTIAL or HIGHLY
CONFIDENTIAL. The designated individuals shall be as follows:

    1.  Javier Rodriguez

    2.  Nancy Schrom

    3.  William Mordan

(ii)  Four In-House Counsel of MonoSol Rx, LLC ("MonoSol"), and their
authorized secretarial, paralegal, clerical and legal assistant staff whose duties
require access to material designated CONFIDENTIAL or HIGHLY
CONFIDENTIAL. The designated individuals for MonoSol shall be as follows:

    1.  None

(iii)  Four In-House Counsel of Par, and their authorized secretarial, paralegal,
clerical and legal assistant staff whose duties require access to material designated
CONFIDENTIAL or HIGHLY CONFIDENTIAL. The individuals for Par shall
be as follows:

    1.  David Silverstein

(iv)  Four In-House Counsel of Watson, and their authorized secretarial,
paralegal, clerical and legal assistant staff whose duties require access to material

9

designated CONFIDENTIAL or HIGHLY CONFIDENTIAL. The designated individuals for Watson shall be as follows:

1.    Brian Anderson

2.    Amy Hulina

(b)    The following individuals may receive CONFIDENTIAL, HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY information:

(i)    Outside Counsel for the Parties, including, but not limited to, such attorneys' partners, associates, staff and contract attorneys, and their authorized secretarial, paralegal, clerical and legal assistant staff whose duties and responsibilities require access to material designated CONFIDENTIAL, HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY.

(ii)    The Court and Court personnel;

(iii)    Outside consultants or experts and their staffs retained by the Parties or their attorneys for purposes of the Two Related Actions, who first agree to be bound by the terms of this Protective Order by signing a Confidentiality Undertaking in the form set forth in Exhibit A, pursuant to ¶ 7.1;

(iv)    Court reporters, videographers, and their respective staffs employed in connection with the Two Related Actions;

(v)    Non-parties specifically retained to assist Outside Counsel of record with copying and computer services necessary for document handling, and other

litigation support personnel (e.g., graphic designers and animators, database entry personnel); and

(vi)   Any interpreter or translation service retained to assist Outside Counsel of record, and any typist or transcriber used thereby.

6.2   Subject to § 11 and/or further order of the Court, no Counsel for a defendant in one of the Two Related Actions shall receive access to or disclosure of any material designated CONFIDENTIAL, HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY by a defendant in another of the Two Related Actions absent the consent of the Producing Party (for purposes of this provision, "defendant" refers to a party sued by Plaintiffs, and not a counterclaim defendant).

6.3   Prosecution Bar:   Absent written consent from the Producing Party, any individual who receives access to CONFIDENTIAL or HIGHLY CONFIDENTIAL, or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY information pursuant to ¶¶6.1(a)-(f) above must not be involved in the prosecution of patents or patent applications for any patent asserted in any of the Two Related Actions, any patent or application claiming priority to or otherwise related to any patent asserted in any of the Two Related Actions or involving any pharmaceutical film formulations containing buprenorphine and naloxone for the treatment of opioid addiction, before any foreign or domestic agency, including the United States Patent Office. For purposes of this paragraph, "prosecution" means any involvement in original prosecution or reissue proceedings and, with respect to reexamination or *inter partes review* proceedings, drafting, amending, or substituting claims, advising, assisting or supervising the drafting, amending or substituting of claims. This prosecution bar shall begin when access to the

Party's Protected Information is first received by the affected individual and shall end two (2) years after final termination of this litigation, including appeals.

**VII.   Agreement Of Confidentiality.**

7.1   (a) The Party seeking to disclose information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY to any person authorized pursuant to ¶ 6.1(h) shall provide by electronic mail to Outside Counsel for each Producing Party:

      i.      The name and business address of the person to whom the Party seeks to disclose the information;

      ii.      A Confidentiality Undertaking in the form set forth in Exhibit A hereto signed by the person;

      iii.      Disclosure of any relationships the person has with any Producing Party; and

      iv.      The person's current curriculum vitae or resume (including a list of publications and employment history).

      (b)      Within five (5) business days after receipt of the information described in 7.1(a), a Party may object in writing to the disclosure of information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY to the consultant or expert by electronic mail to Outside Counsel for the Party seeking to make the disclosure. The Parties shall attempt in good faith to resolve the objection. If the issue cannot be resolved, the Producing Party has five (5) business days from the date of service of the written objection to move the Court (in

accordance with the Court's procedures for resolution of discovery disputes)to preclude the retained expert or consultant from viewing the Producing Party's information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY. If the Producing Party fails to file a motion within the prescribed period, then any objection to the disclosure of information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY to the consultant or expert is waived, and any information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY may be thereafter disclosed to that person. The approval of independent experts and consultants must not be unreasonably withheld.

(c)     Until any objection to disclosure of information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY is resolved by agreement of counsel or by order of the Court allowing disclosure of information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY, no disclosure of such designated information shall be made to the proposed recipient.

7.2     Any vendor described in ¶ 6.1(j) who is accessing hard copies of information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL-

13

OUTSIDE COUNSEL'S EYES ONLY on behalf of a Party shall return to the Party's counsel all hard copies of such documents as soon as the information has been encoded and loaded into the computer, copied, prepared or otherwise processed by the vendor.

7.3    Any vendor providing a Party with on-going access to electronic copies of information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY shall provide limited and secure access to the information (such as information stored on a computer) and the vendor will provide access (e.g. through access codes or passwords) only to people who are entitled to access it under this Protective Order (including people retained or employed by the vendor entitled to such access).

**VIII.  Restrictions Apply To Related Documents.**

The restrictions contained herein to the use of information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY shall apply to (a) portions of documents, copies, extracts, and complete or partial summaries prepared from or containing such information, including attorney work product; (b) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (c) portions of briefs, memoranda or any other papers filed with the Court and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (d) deposition testimony designated in accordance with § IX; and (e) testimony taken at a hearing or other proceeding that is designated in accordance with § X.

**IX.    Designation Of Deposition Transcripts.**

9.1    Portions of deposition transcripts containing information that qualifies as CONFIDENTIAL, HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE

14

COUNSEL'S EYES ONLY may be designated as subject to this Protective Order either on the record during the deposition or by providing written notice to the reporter and all counsel of record within fifteen (15) days following receipt of the "final official transcript" of the deposition. If deposition testimony is designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY, the Producing Party shall provide written notice to the reporter and all counsel of record within twenty (20) days following receipt of the "final official transcript" of the deposition identifying the specific pages and lines that contain information designed CONFIDENTIAL, HIGHLY CONFIDENTIAL and/or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY. Transcripts designated as containing CONFIDENTIAL, HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY information shall be marked as such on at least the front page of the transcript.

9.2     All deposition transcripts not previously designated shall be deemed to be, and shall be treated as HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY for a period of fifteen (15) days after receipt of the "final official transcript" of the deposition, and the transcript shall not be disclosed during such time by a non-Producing Party to persons other than those persons qualified to receive such information pursuant to this Protective Order.

9.3     When taking of testimony that concerns CONFIDENTIAL, HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY information, the Producing Party shall have the right to exclude from that portion of the deposition all persons other than those persons qualified to receive such information pursuant to this Protective Order. If such individuals fail to comply with such a request, the requesting counsel for the Producing Party may seek relief from the Court pursuant to the Court's

15

procedures for resolution of discovery disputes, and pending resolution of that request, instruct or request the witness not to answer questions relating to, or to limit disclosure of, the protected information at issue.

## X. Designation Of Hearing Testimony Or Argument.

With respect to testimony elicited during hearings and other proceedings, whenever counsel for any Party believes that any question, line of questioning, or argument calls for the disclosure of information that the Party deems CONFIDENTIAL, HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY, counsel may designate on the record prior to or within a reasonable amount of time after such disclosure that the disclosure is subject to this Protective Order. Whenever information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY is to be discussed in a hearing or other proceeding, any Party claiming such confidentiality may ask the Court to have excluded from the hearing or other proceeding any person who is not entitled to receive that information pursuant to this Order.

## XI. Disclosure To Other Individuals.

11.1   Notwithstanding any other provision of this Protective Order, information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY may be disclosed to the following persons, irrespective of whether they are identified pursuant to § VI, as follows:

11.2   Information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY may be disclosed to persons not identified in § VI as agreed by the Producing Party, unless it contains or comprises Protected Material from another Party or a third Party.

16

11.3    Any Receiving Party may move the Court (in accordance with the Court's procedures for resolution of discovery disputes) for an Order that a person not identified in § VI be given access to information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY. If the motion is granted, such person may have access to the subject information after first signing the Confidentiality Undertaking in the form set forth in Exhibit A.

11.4    Nothing in this Protective Order shall prohibit Counsel or a Party from disclosing a document containing information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY at deposition, at trial, or at any other court hearing, to: (i) any person who authored, received, or previously had access to or knowledge of the information as demonstrated by the information itself or as established by other documents or testimony; or (ii) a current officer, current or former employee, inventor, or expert of the Producing Party.  For the avoidance of doubt, Counsel may examine a witness testifying under oath in a good-faith effort to determine whether the witness has discoverable information about the information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY.

**XII.    Confidentiality Of Party's Own Documents.**

Nothing herein shall affect the right of the Producing Party to disclose to its officers, directors, employees, attorneys, consultants or experts, or to any other person, its own information. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other Parties or their Counsel to disclose such information in violation of it, unless by such disclosure of the Producing Party the information becomes public knowledge. Similarly, the Protective Order shall not preclude a Party from showing its own information to its officers,

17

directors, employees, attorneys, consultants or experts, or to any other person, which information has been filed under seal by the opposing Party.

### XIII. Filing Designated Information Under Seal.

All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court which have been designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY or which contain information so designated, shall be filed under seal and shall be maintained under seal according to the terms of this Protective Order and the Court's Rules. Each Party bears the burden of justifying and maintaining the filing under seal of its own Protected Material.

### XIV. Other Protections.

14.1    No person shall use any CONFIDENTIAL, HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY information, or information derived therefrom, for purposes other than the prosecution or defense of the Two Related Actions, including, without limitation, for purposes of preparing, filing or prosecuting any patent application, continuation or divisional patent application, reissue patent application or request for re-examination or in any USPTO post-grant patent proceeding, such as reexamination or inter partes review, or in any EPO opposition proceeding. Further, no person shall use any CONFIDENTIAL, HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY information, or information derived therefrom, for purposes of filing a Citizen's Petition or other challenge to the to the FDA concerning any sublingual film containing buprenorphine hydrochloride and/or naloxone hydrochloride.

14.2    Any Party may mark any document or thing containing information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE

18

COUNSEL'S EYES ONLY as an exhibit to a deposition, hearing or other proceeding (but subject to the Court's instructions at trial), provided the witness at such proceeding is qualified under the terms of this Protective Order to have access to such designated material.

14.3    Nothing in the foregoing provisions of this Protective Order shall affect any previous protective order or be deemed to preclude any Party from seeking and obtaining, upon an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material or relief from this Protective Order with respect to particular designated material.

**XV.    Challenge To Designation Of Confidentiality.**

15.1    This Protective Order shall not preclude any Party from: (a) claiming that any matter designated hereunder is not entitled to the protections of this Protective Order, (b) applying to the Court for an Order permitting the disclosure or use of information or documents otherwise prohibited by this Protective Order, or (c) applying for a further Order modifying this Protective Order in any respect. No Party shall be obligated to challenge the propriety of any designation, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

15.2    On any challenge to the designation of any information, the burden of proof shall lie with the Producing Party to establish that the information in fact qualifies as CONFIDENTIAL, HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY. If a Party seeks declassification or removal of particular items from this designation on the ground that such designation is not necessary to protect the interests of the Producing Party, the following procedure shall be utilized:

(a)    The Party seeking such declassification or removal shall give Outside Counsel of record for the other Party written

19

notice thereof, specifying the designated information as to which such removal is sought and the reasons for the request; and

(b)     If, after conferring, the Parties cannot reach agreement concerning the matter within five (5) business days after the delivery and receipt of the notice, then the Party requesting the declassification or removal of particular items may challenge the designation in accordance with the procedures set forth by the Court for the resolution of discovery disputes.

## XVI.   Inadvertent Failure To Designate As Confidential.

16.1    A Producing Party that inadvertently fails to designate a document or item as CONFIDENTIAL, HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY pursuant to this Protective Order at the time of production may thereafter make a designation pursuant to this Protective Order by serving notice thereof in writing, accompanied by substitute copies of each document or item, appropriately designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY, promptly after recognizing the inadvertent failure to designate. Upon receipt of such notice and properly marked material, the Receiving Party shall treat such information consistent with the re-designation. All copies of the mis-designated documents shall be promptly destroyed or returned to the Producing Party, and any memoranda, work product, or derivatives thereof shall be promptly destroyed or retrieved from persons no longer authorized to have access. To the extent that such information may already have been disclosed to persons not authorized to see the CONFIDENTIAL, HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY information, the Receiving Party shall

make every reasonable effort to retrieve the information promptly from such persons and to limit any further disclosure to unauthorized persons.

16.2 Should any information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY be disclosed, through inadvertence or otherwise, by the Receiving Party to any person or Party not authorized under this Protective Order, then the Receiving Party shall (a) use its best efforts to obtain the return of any such material or information and to bind such person to the terms of this Protective Order; (b) within three (3) business days of the discovery of such disclosure, inform such person of the provisions of this Protective Order and request such person to sign the Confidentiality Undertaking in the form set forth in Exhibit A; and (c) within five (5) business days of the discovery of such disclosure, inform the Producing Party of all pertinent facts relating to such disclosure, including the identity of such person and the information disclosed.

**XVII. Inadvertent Production Or Disclosure Of Privileged Materials.**

17.1 Pursuant to Federal Rule of Evidence 502(b), the inadvertent production or disclosure of any document or thing (including information) otherwise protected by the attorney-client privilege, work product immunity, or other privilege or immunity shall not operate as a waiver of any such privilege or immunity if, within the time period set forth below, the Producing Party who made the inadvertent production or disclosure sends a written request to the Receiving Party, including a privilege log containing entries for each inadvertently produced document specifying, at a minimum, (a) its form (e.g., letter, memorandum, chart, etc.), (b) its general subject matter, (c) its production number ("Bates") range(s), (d) its date, (e) the full names and titles of the author(s) or creator(s), the addressee(s) and the recipient(s), including the person(s) copied, and (f) the basis of the privilege being asserted (e.g. it shall be sufficient to state solely that the document is protected by the work product doctrine, the attorney client

21

privilege, or other privilege or immunity), for return or destruction of the inadvertently produced or disclosed document or thing. Any request for the return or destruction of the inadvertently produced or disclosed document or thing must be made within twenty (20) days after the privileged information is used in connection with a deposition attended by the Producing Party, cited in or attached to a court filing, discovery response, or written correspondence received or sent by the Producing Party, or the Producing Party otherwise discovers that the privileged information has been produced or disclosed. Except as set forth under paragraph (a) below, within five (5) business days of receiving such a request, the Receiving Party shall return to the Producing Party or confirm in writing the destruction of all such documents and things identified by the Producing Party as being protected by the attorney-client privilege, work product immunity, or other privilege or immunity, and shall certify in writing that the Receiving Party has complied with this section.

> (a)     If the Receiving Party wishes to contest that any such document or thing is protected by the attorney-client privilege, work-product immunity, or other privilege or immunity, the Receiving Party shall so notify the Producing Party in writing when the document or thing is returned to the Producing Party or the Receiving Party provides notification that the document or thing has been destroyed. Should the Receiving Party elect to bring such a challenge, Outside Counsel of the Receiving Party may retain copies of the inadvertently produced document for the exclusive purpose of challenging the claim of privilege over the document and shall treat such documents as if designated HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES

22

ONLY until the resolution of such challenge. Upon resolution of such challenge, the documents subject to the challenge shall be treated in accordance with any confidentiality designation made at the time of their production. Outside Counsel of the Receiving Party challenging the claim of privilege shall keep only as many copies of the document as are necessary to bring such a challenge or seek relief from the court pursuant to paragraph (b) below.

(b)     If, within ten (10) days after the Receiving Party sends such notice of challenge to the Producing Party, the Parties are in good faith unable to resolve the dispute over the Producing Party's basis for claiming privilege, the Receiving Party may seek relief from the Court to compel production of such documents and things, the protection of which is still disputed, in accordance with the procedures set forth by the Court for such discovery disputes. If the Receiving Party is unsuccessful in challenging the claim of privilege, the Receiving Party shall destroy all copies of the inadvertently produced document.

(c)     With respect to documents and things generated by a Receiving Party, which documents and things contain information derived from such inadvertently produced documents and things, if the Receiving Party does not notify the Producing Party that the Receiving Party disputes the claims of attorney-client privilege, work-product immunity, or other privilege or immunity, or the Receiving Party is unsuccessful in challenging the claim of privilege or immunity, the

23

> Receiving Party shall either destroy the derivative documents and things or redact from them all such derivative privilege or work-product information in a manner such that the derivative information cannot in any way be retrieved or reproduced.

**XVIII. Prior Or Public Knowledge.**

This Protective Order shall not apply to information that is or was available to the public prior to disclosure under the Protective Order or subsequent to such disclosure. The restrictions contained in this Protective Order shall not apply to information that is or was available to the public, whether before or after disclosure under the Protective Order, other than by an act or omission of the Receiving Party, or that is lawfully and independently acquired from a source not subject to this Protective Order.

**XIX.   Limitation Of Protective Order.**

This Protective Order is not intended to address discovery objections to produce, answer, or respond on the grounds of attorney-client privilege or work product immunity, or to preclude either Party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure or the Local Rules of the District of Delaware.

**XX.   Other Proceedings.**

20.1   By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or Party subject to this order who becomes subject to a motion to disclose another Party's information designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES

24

ONLY pursuant to this order shall promptly notify that Party of the motion so that the Party may have an opportunity to appear and be heard on whether that information should be disclosed.

20.2     In particular, any person or Party (the "Receiver") subject to this Protective Order who (a) is subpoenaed in another matter, (b) is served with a demand in another matter to which he or it is a party, or (c) is served with any other legal process by one not a party to the Two Related Actions, seeking disclosure of information that is designated by another Party in this case as CONFIDENTIAL, HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY, shall give prompt written notice to counsel for the Producing Party within five (5) business days of receipt of such subpoena, demand, or other legal process, identifying the CONFIDENTIAL, HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY information sought and enclosing a copy of the subpoena or legal process. The Receiver shall not produce any of the information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY, unless otherwise ordered by a court of competent jurisdiction, for a period of at least fourteen (14) days after providing the required notice to the Producing Party. If, within fourteen (14) days of receiving such notice, the Producing Party gives notice to the Receiver that the Producing Party opposes production of its CONFIDENTIAL, HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY information, the Receiver shall not thereafter produce such information until such time as the Producing Party has a reasonable opportunity to seek relief from the court. The Producing Party shall be solely responsible for asserting any objection to the requested production. Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Order to challenge or appeal any order requiring production of CONFIDENTIAL, HIGHLY

CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY information covered by this Order, or subjecting such person to any penalties for non-compliance with any legal process or order, or to seek any further relief from this Court.

## XXI.  Materials Produced By Non-Party.

The terms of this Protective Order, as well as the terms of any protective order that may be entered into between a discovering Party and third party for the production of information to the discovering Party are applicable to information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY by a non-party. Information provided by a non-party in connection with the Two Related Actions and designated CONFIDENTIAL, HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY pursuant to the terms of this Protective Order shall be protected by the remedies and relief provided by this Protective Order.

## XXII.  Final Termination Of This Litigation.

Within ninety (90) days following final termination of this litigation, including any final judgment, appeals therefrom, or settlement, unless otherwise agreed to in writing by Outside Counsel of record for the Producing Party, each Party shall assemble and return, or destroy and certify destruction of, all materials containing information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY, including all copies, extracts, summaries, and derivatives thereof, to the Party from whom the designated material was obtained except that Party is not obligated to return or destroy information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY that is contained on electronic backup or archival media but which will be overwritten or destroyed in the ordinary course of business. Notwithstanding the foregoing, and subject to a continuing obligation to protect all such material

26

pursuant to this Protective Order, Outside Counsel may retain archive copies of filings, court papers, correspondence, deposition and trial transcripts, deposition and trial exhibits, expert reports, written discovery responses, and attorney work product (regardless of whether such materials contain or reference information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY).

### XXIII. Waiver Or Termination Of Order.

No part of the restrictions imposed by this Protective Order may be waived or terminated, except by written stipulation executed by Outside Counsel of record for each Producing Party, or by an order of the Court for good cause shown. The restrictions provided for herein shall not terminate upon the conclusion of the Two Related Actions, but shall continue until further order of this Court.

### XXIV. Modification Of Order; Prior Agreements.

This Protective Order supersedes any agreements between the Parties regarding the confidentiality of particular information entered into before the date of this Protective Order.

### XXV. Section Captions.

The title captions for each section of this Protective Order are for convenience only and are not intended to affect or alter the text of the sections or the substance of the Order.

### XXVI. Days.

All references to "days" in this Protective Order shall be construed as calendar days and shall be calculated pursuant to Federal Rule of Civil Procedure 6(a), unless otherwise specifically indicated.

27

SO STIPULATED:

*/s/ Mary W. Bourke*
Mary W. Bourke (#2356)
Dana K. Severance (#4869)
WOMBLE CARLYLE SANDRIDGE
& RICE, LLP
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
Email: mbourke@wcsr.com
Email: dseverance@wcsr.com

*Attorneys for Plaintiffs*

***Of Counsel:***
Daniel A. Ladow
James M. Bollinger
Timothy P. Heaton
TROUTMAN SANDERS LLP
405 Lexington Avenue
New York, NY   10174
Telephone: (212) 704-6000
Facsimile: (212) 704-5929

Troy S. Kleckley
Puja R. Patel
TROUTMAN SANDERS LLP
600 Peachtree Street, NE
Suite 5200
Atlanta, GA 30308
Telephone: (404) 885-3000
Facsimile: (404) 885-3900

*Attorneys for Plaintiffs*
*Reckitt Benckiser Pharmaceuticals, Inc.*
*and RB Pharmaceuticals Limited*

*/s/ John C. Phillips*
Megan C. Haney
John C. Phillips, Jr.
Phillips, Goldman & Spence, P.A.
1200 N. Broom Street
Wilmington, DE 19801
Telephone: (302) 655-4200
Email: mch@pgslaw.com
Email: jcp@pgslaw.com

***Of Counsel:***
James F. Hurst
Michael K. Nutter
Sharick Naqi
WINSTON & STRAWN LLP
35 W. Wacker Dr.
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

Peter E. Perkowski
David P. Dalke
WINSTON & STRAWN LLP
333 S. Grande Ave.,
Suite 3800
Los Angeles, CA 90071
Telephone: (213) 615-1700
Facsimile: (213) 615-1700

Melinda K. Lackey
WINSTON & STRAWN LLP
1111 Louisiana, 25th Floor
Houston, TX 77002-5242
Telephone: (713) 651-2600
Facsimile: (713) 651-2700

*Attorneys for Defendant*
*Watson Laboratories, Inc.*

28

*Of Counsel:*

James F. Hibey
Timothy C. Bickham
Houda Morad
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington DC 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902

*Attorneys for Plaintiff*
*MonoSol Rx, LLC*

*/s/ Steven J. Fineman*
Steven J. Fineman (#4025)
Katharine C. Lester (#5629)
RICHARDS LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
Email: fineman@rlf.com
Email: lester@rlf.com

*Attorneys for Defendants Par Pharmaceutical,*
*Inc. and IntelGenx Technologies Corp.*

*Of Counsel*

Daniel G. Brown
Jennifer R. Saionz
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022
Telephone: (212) 906-1200
Facsimile: (212) 751-4864

James K. Lynch
LATHAM & WATKINS LLP
505 Montgomery Street
Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095

Emily C. Melvin
LATHAM & WATKINS LLP
233 South Wacker Drive
Suite 5800
Chicago, IL 60606
Telephone: (312) 876-7700
Facsimile: (312) 993-9767

Jennifer Koh
LATHAM & WATKINS LLP
12670 High Bluff Drive
San Diego, CA 92130
Telephone: (858) 523-5400
Facsimile: (858) 523-5450

Michelle R. Ma
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600

**IT IS SO ORDERED.**

**DATED: July _9_, 2014.**

Hon. Richard G. Andrews
United States District Court Judge

## EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RECKITT BENCKISER PHARMACEUTICALS, INC., RB PHARMACEUTICALS LIMITED, and MONOSOL RX, LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | CA. No. 13-1674-RGA |
| v. | ) ) | |
| WATSON LABORATORIES, INC., | ) ) | |
| Defendant. | ) ) | |
| RECKITT BENCKISER PHARMACEUTICALS, INC., RB PHARMACEUTICALS LIMITED, and MONOSOL RX, LLC, | ) ) ) ) ) | C.A. No. 14-422-RGA |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| PAR PHARMACEUTICAL, INC. and INTELGENX TECHNOLOGIES CORP., | ) ) ) | |
| Defendants. | ) | |

## DECLARATION AND CONFIDENTIALITY UNDERTAKING

I certify that I have received and carefully read the Stipulated Protective Order in the

Two Related Actions[3] and that I fully understand the terms of the Order. I recognize that I am

bound by the terms of that Order, and I agree to comply with those terms. I hereby consent to the

---

[3] As used herein, the term "the Two Related Actions" refers to Plaintiffs' two separate infringement suits against (1) Watson Laboratories Inc. (Watson), C.A. No. 13-1674-RGA; and (2) Par Pharmaceuticals, Inc. (Par), and IntelGenX Technologies Corp. (IntelGenx); C.A. No. 14-422-RGA.

1

personal jurisdiction of the United States District Court for the District of Delaware for any proceedings involving the enforcement of that Order.

Upon conclusion of the Two Related Actions, including any appeals, I will destroy or return all CONFIDENTIAL, HIGHLY CONFIDENTIAL and HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY Disclosure or Discovery Material -- and any summaries, abstracts, and indices thereof, and documents and materials that I received or prepared relating thereto -- in my possession to Outside Counsel for the Party for which I was employed, retained, or acted as a witness (if an expert or consultant).

I declare under penalty of perjury under the laws of the United States of America this Declaration and Confidentiality Undertaking is true and correct.

EXECUTED this _____ day of _____

_____
Name

_____
Signature

_____
Present Employer or Other Business Affiliation

_____
Business Address

2