**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| RECKITT BENCKISER PHARMACEUTICALS, INC., RB PHARMACEUTICALS LIMITED, and MONOSOL RX, LLC, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | CA. No. 13-1674-RGA CONSOLIDATED |
| v. | ) ) | |
| WATSON LABORATORIES, INC., | ) ) ) | |
| Defendant. | ) | |
| RECKITTS BENCKISER PHARMACEUTICALS INC., RB PHARMACEUTICALS LIMITED, and MONOSOL RX, LLC, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 14-422-RGA |
| v. | ) ) | |
| PAR PHARMACEUTICAL, INC., INTELGENX TECHNOLOGIES CORP., | ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFFS' ANSWER TO DEFENDANT PAR PHARMACEUTICAL, INC. AND INTELGENX TECHNOLOGIES CORP.'S COUNTERCLAIMS**

Plaintiffs Reckitt Benckiser Pharmaceuticals, Inc. ("RBP"), RB Pharmaceuticals Limited ("RBP UK"), and MonoSol Rx, LLC ("MonoSol") (collectively, "Plaintiffs") herein reply to the numbered paragraphs of the Counterclaims of Defendants Par Pharmaceutical, Inc. ("Par") and IntelGenX Technologies Corp. ("IGX", and together with Par, "Defendants"), as alleged in Defendants' August 21, 2014 Answer To Third Amended Complaint, as follows:

## COUNTERCLAIMS

### The Parties

1. Plaintiffs lack sufficient knowledge or information to admit or deny the allegations in paragraph 1 and, therefore, deny the same.

2. Plaintiffs lack sufficient knowledge or information to admit or deny the allegations in paragraph 2 and, therefore, deny the same.

3. RBP admits that it is a Delaware corporation having a principal place of business at 10710 Midlothian Turnpike, Suite 430, Richmond, Virginia.

4. RBP UK admits that it is a United Kingdom corporation having a principal place of business at 103-105 Bath Road, Slough, UK.

5. MonoSol admits that it is a Delaware limited liability corporation having a principal place of business at 30 Technology Drive, Warren, New Jersey.

### Nature of the Action

6. Plaintiffs admit that Defendants purport to bring counterclaims for a declaratory judgment. Plaintiffs deny all other allegations in paragraph 6.

### Jurisdiction

7. Paragraph 7 states a legal conclusion to which no reply is required. To the extent a reply is required, Plaintiffs admit that this Court has subject matter jurisdiction over Defendants' counterclaims in this action relating to U.S. Patent Nos. 8,475,832 ("the '832 patent"), 8,017,150 ("the '150 patent"), and 8,603,514 ("the '514 patent") (collectively, "the patents-in-suit").

8. Paragraph 8 states a legal conclusion to which no reply is required. To the extent a reply is required, RBP admits that this Court has personal jurisdiction over RBP in this action due to Plaintiffs' filing of a civil action in this judicial district against Defendants.

9. Paragraph 9 states a legal conclusion to which no reply is required. To the extent a reply is required, RBP UK admits that this Court has personal jurisdiction over RBP UK in this action due to Plaintiffs' filing of a civil action in this judicial district against Defendants.

10. Paragraph 10 states a legal conclusion to which no reply is required. To the extent a reply is required, MonoSol admits that this Court has personal jurisdiction over MonoSol in this action due to Plaintiffs' filing of a civil action in this judicial district against Defendants.

## Venue

11. Paragraph 11 states a legal conclusion to which no reply is required. To the extent a reply is required, Plaintiffs admit that venue for this action is proper in this Court.

## Background

12. Plaintiffs admit the allegations in paragraph 12.

13. Plaintiffs admit the allegations in paragraph 13.

14. Plaintiffs admit the allegations in paragraph 14.

15. Plaintiffs admit that MonoSol is the lawful owner of the '150 patent and the '514 patent. Plaintiffs deny all other allegations in paragraph 15.

16. Plaintiffs admit that RBK UK is the lawful owner of the '832 patent. Plaintiffs deny all other allegations in paragraph 16.

17. Plaintiffs admit the allegations in paragraph 17.

18. Plaintiffs admit the allegations of the first and third sentences of paragraph 18. Plaintiffs lack sufficient knowledge or information to admit or deny the allegations in the second sentence of paragraph 18 and, therefore, deny the same.

19. Plaintiffs admit to receipt of letters from Par during July 2013 purporting to provide notice of Paragraph IV certifications. Plaintiffs admit the second sentence of paragraph 19. Plaintiffs lack sufficient knowledge or information to admit or deny the remaining allegations in the first sentence of paragraph 19 and all allegations in the third sentence of paragraph 19 and, therefore, deny the same.

20. Plaintiffs state that to the extent Par's allegation characterizes the letter dated July 29, 2013, the letter speaks for itself. Plaintiffs deny the allegations of paragraph 20, except admit that Plaintiffs objected to the terms of the Offer.

21. Plaintiffs admit the allegations in paragraph 21.

22. Plaintiffs admit that Defendants notified Plaintiffs of Par's paragraph IV certifications with respect to the '150, '832, and '514 patents filed with its ANDA. Plaintiffs lack sufficient knowledge or information to admit or deny the remaining allegations in the first sentence of paragraph 22 and, therefore, deny the same. Plaintiffs admit the second sentence of paragraph 22. Plaintiffs lack sufficient knowledge or information to admit or deny the allegations in the third sentence of paragraph 22 and, therefore, deny the same.

23. Plaintiffs admit the allegations in paragraph 23.

24. Plaintiffs admit the allegations in the first and second sentences of paragraph 24. Plaintiffs lack sufficient knowledge or information to admit or deny the allegations in the third sentence of paragraph 24 and, therefore, deny the same.

25. Plaintiffs admit the allegations in paragraph 25.

## COUNT ONE

**(Declaratory Judgment regarding U.S. Patent No. 8,017,150)**

26. Plaintiffs repeat the responses contained in paragraphs 1-25 of their Answer as if fully set forth herein.

27. Plaintiffs deny the allegations of paragraph 27.

28. Plaintiffs deny the allegations of paragraph 28.

29. Plaintiffs deny the allegations of paragraph 29.

30. Plaintiffs admit an actual and justiciable controversy exists between the parties with respect to the '150 patent. Plaintiffs deny that Defendants are entitled to the relief described in paragraph 30, or to any relief whatsoever.

31. Plaintiffs deny the allegations of paragraph 31.

## COUNT TWO

**(Declaratory Judgment regarding U.S. Patent No. 8,475,832)**

32. Plaintiffs repeat the responses contained in paragraphs 1-31 of their Answer as if fully set forth herein.

33. Plaintiffs deny the allegations of paragraph 33.

34. Plaintiffs deny the allegations of paragraph 34.

35. Plaintiffs deny the allegations of paragraph 35.

36. Plaintiffs admit an actual and justiciable controversy exists between the parties with respect to the '150 patent. Plaintiffs deny that Defendants are entitled to the relief described in paragraph 36, or to any relief whatsoever.

37. Plaintiffs deny the allegations of paragraph 37.

## COUNT THREE

**(Declaratory Judgment regarding U.S. Patent No. 8,603,514)**

38. Plaintiffs repeat the responses contained in paragraphs 1-37 of their Answer as if fully set forth herein.

39. Plaintiffs deny the allegations of paragraph 39.

40. Plaintiffs deny the allegations of paragraph 40.

41. Plaintiffs deny the allegations of paragraph 41.

42. Plaintiffs admit an actual and justiciable controversy exists between the parties with respect to the '514 patent. Plaintiffs deny that Defendants are entitled to the relief described in paragraph 42, or to any relief whatsoever.

43. Plaintiffs deny the allegations of paragraph 43.

## **PRAYER FOR RELIEF**

The "WHEREFORE" paragraph following paragraph 43 of the Counterclaims and the eight lettered paragraphs A-H that follow it purport to state Defendants' prayer for relief, to which no response is required. To the extent that a response is required, Plaintiffs deny the allegations set forth in the "WHEREFORE" paragraph following paragraph 43 of the Counterclaims and the eight lettered paragraphs A-H that follow it and deny that Defendants are entitled to any of the relief described therein, or to any relief whatsoever.

Plaintiffs deny any and all allegations of the Counterclaims not expressly admitted herein.

WHEREFORE, Plaintiffs respectfully request the following relief:

(a) An order dismissing Defendants' Counterclaims with prejudice, and a judgment that Defendants are not entitled to the relief sought, or to any other relief on their Counterclaims;

(b) An order granting each and every Prayer for Relief sought by Plaintiffs in their Third Amended Complaint; and

     (c)     An award of costs and expenses of Plaintiffs in defending the Counterclaims.

| | |
|---|---|
| Dated: September 12, 2014 | Respectfully submitted, |
| ***Of Counsel:*** | */s/ Mary W. Bourke* |
| | Mary W. Bourke (#2356) |
| Daniel A. Ladow | Dana K. Severance (#4869) |
| James M. Bollinger | WOMBLE CARLYLE SANDRIDGE & RICE, LLP |
| Timothy P. Heaton | 222 Delaware Avenue, Suite 1501 |
| J. Magnus Essunger | Wilmington, DE 19801 |
| TROUTMAN SANDERS LLP | (302) 252-4320 |
| 405 Lexington Avenue | (302) 252-4330 (Fax) |
| New York, NY 10174 | mbourke@wcsr.com |
| (212) 704-6000 | dseverance@wcsr.com |
| (212) 704-6288 (Fax) | |
| Daniel.ladow@troutmansanders.com | *Attorneys for Plaintiffs* |
| James.bollinger@troutmansanders.com | |
| Timothy.heaton@troutmansanders.com | |
| Magnus.Essunger@troutmansanders.com | |

Troy S. Kleckley
Puja R. Patel
TROUTMAN SANDERS LLP
600 Peachtree Street, NE
Suite 5200
Atlanta, GA 30308
(404) 885-3000
(404) 885-3900 (Fax)
Troy.kleckley@troutmansanders.com
Puja.patel@troutmansanders.com

*Attorneys for Plaintiff Reckitt Benckiser Pharmaceuticals, Inc. & RB Pharmaceuticals Limited*

James F. Hibey
Timothy C. Bickham
Houda Morad
Stephanie L. Schonewald
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington DC 20036
(202) 429-3000
(202) 429-3902 (Fax)

jhibey@steptoe.com
tbickham@steptoe.com
hmorad@steptoe.com
sschonew@steptoe.com

*Attorneys for Plaintiff MonoSol Rx, LLC*

WCSR 32986429v1