IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RECKITT BENCKISER PHARMACEUTICALS, INC., RB PHARMACEUTICALS LIMITED, and MONOSOL RX, LLC, | ) ) ) ) ) | CA. No. 13-1674-RGA |
| Plaintiffs, | ) ) | Consolidated |
| v. | ) ) | |
| WATSON LABORATORIES, INC., | ) ) | |
| Defendant. | ) | |
| RECKITT BENCKISER PHARMACEUTICALS, INC., RB PHARMACEUTICALS LIMITED, and MONOSOL RX, LLC, | ) ) ) ) ) | C.A. No. 14-422-RGA |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| PAR PHARMACEUTICAL, INC. and INTELGENX TECHNOLOGIES CORP., | ) ) ) | |
| Defendants. | ) | |

~~PROPOSED~~ SCHEDULING ORDER

This ⟋ day of October, 2014, the Court on May 28, 2014 having ordered consolidation of *Reckitt Benckiser Pharmaceuticals, Inc. v. Par Pharmaceutical Inc.*, No. 14-422 with *Reckitt Benckiser Pharmaceuticals, Inc. v. Watson Laboratories, Inc.*, No. 13-674 for all pretrial proceedings until further notice, but, at a minimum, through the December 3, 2014, Markman hearing; the Court having further ordered that the schedule for all subsequent events in *Reckitt Benckiser Pharmaceuticals, Inc. v. Par Pharmaceutical Inc.*, No.14-422 follow the schedule

previously set in *Reckitt Benckiser Pharmaceuticals, Inc. v. Par Pharmaceutical, Inc.*, No. 13-1461, with the caveat that the Court "expects at some point when [the Court has] a better handle on the case, for example, at the Markman hearing, [the Court] will entertain a request from Plaintiffs for a later trial and pretrial date for some or all of the issues in [*Reckitt Benckiser Pharmaceuticals, Inc. v. Par Pharmaceutical Inc.*,] No.14-422; and the Court having further ordered that the parties should submit a proposed scheduling order in *Reckitt Benckiser Pharmaceuticals, Inc. v. Par Pharmaceutical Inc.*, No.14-422 with the foregoing (No. 14-422, D.I. 19; No. 13-674 D.I. 66);

IT IS ORDERED that:

1. Two Related Actions[1], the parties in the Two Related Actions shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on **January 21, 2014**. In addition to the information required by Federal Rule of Civil Procedure 26(a)(1), the parties' initial disclosures shall further include information consistent with Paragraph 3 of the Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), as revised on December 8, 2011 ("Default Discovery Standard").

2. <u>Joinder of Other Parties and Amendment of Pleadings.</u> All motions to join other Parties in the Two Related Actions, and to amend or supplement the pleadings, shall be filed on or before **December 15, 2014**.

3. <u>Discovery.</u>

---

[1] As used herein, the term "the Two Related Actions" refers to Plaintiffs' two separate infringement suits against (1) Watson Laboratories Inc. (Watson), C.A. No. 13-1674-RGA; and (2) Par Pharmaceuticals, Inc. (Par), and IntelGenX Technologies Corp. (IntelGenx), C.A. No. 14-422-RGA.

      a.    <u>Discovery Cut Off.</u> All discovery in the Two Related Actions shall be initiated so that it will be completed on or before **June 5, 2015**. Fact discovery shall be completed on or before **January 16, 2015**.

      b.    <u>Document Production.</u> Document production in the Two Related Actions shall be substantially complete by **July 25, 2014**.

      c.    <u>Requests for Admission.</u> A combined maximum of 35 joint requests for admission are permitted from Defendants in the Two Related Actions to Plaintiffs and from Plaintiffs to those Defendants. In addition, the collective Defendants in each of the Two Related Actions shall be allowed to serve 15 individual requests for admission on Plaintiffs, and Plaintiffs shall be allowed to serve 15 individual requests for admission on the Defendants in each of the Two Related Actions. These limits shall not include requests for admission directed to the authenticity of documents.

      d.    <u>Interrogatories.</u> A combined maximum of 15 joint interrogatories are permitted from all Defendants in the Two Related Actions to Plaintiffs and from Plaintiffs to those Defendants. In addition, the collective Defendants in each of the Two Related Actions shall be allowed to serve 10 individual interrogatories on Plaintiffs, and Plaintiffs shall be allowed to serve 15 individual interrogatories on the Defendants in each of the Two Related Actions.

      e.    <u>Depositions.</u>

          i.    <u>Limitation on Hours for Deposition Discovery.</u>

Plaintiffs, on the one hand, and Defendants, collectively, in the Two Related Actions, on the other hand, shall each be limited to taking 10 third party fact depositions jointly. Plaintiffs and Defendants in the Two Related Actions, respectively, shall coordinate with respect to the

3

taking of third party fact depositions so that whichever side (Plaintiffs or Defendants) notices the third party deposition will jointly take such deposition. (The deposition of any third party who is a named inventor on a patent in suit will be considered a party deposition and not a third party deposition.) Such third party fact depositions will be limited to 7 hours of testimony, unless the third party is noticed by both the Plaintiffs and the Defendants in the Two Related Actions in which case the parties will work together to adjust this presumptive limit.

When an interpreter is required (*i.e.* when the deponent is not a native English speaker), each 2 hours of actual deposition time will count as one hour toward the total time permitted.

In the event one or more of the Two Related Actions is resolved or stayed, the parties will, as appropriate, renegotiate these discovery limitations.

Defendants in the Two Related Actions shall coordinate with respect to depositions of Plaintiffs' fact witnesses. Defendants, collectively, in the Two Related Actions are limited to a total of 15 individual fact depositions of Plaintiffs, which are to be taken by the Defendants jointly. Depositions of any named inventor on a patent-in-suit will be included in this total and regarded as a deposition of a fact witness of Plaintiffs. Joint depositions of Plaintiffs' fact witnesses will be limited to 8 hours of testimony, and the parties will meet and confer if additional time is reasonably necessary. In addition to the foregoing, Defendants, collectively, in the Two Related Actions shall have 30 hours of joint 30(b)(6) depositions of Plaintiffs. Defendants in the Two Related Actions shall use their best efforts to avoid asking duplicative questions of Plaintiffs' fact witnesses.

Plaintiffs shall coordinate with respect to depositions of Defendants' fact witnesses in the Two Related Actions. Plaintiffs are limited to a total of 10 individual fact depositions as to the Defendants in each of the Two Related Actions. Depositions of Defendants' fact witnesses in the

4

Two Related Actions shall be taken jointly by Plaintiffs and will be limited to 7 hours of testimony. In addition to the foregoing, Plaintiffs shall have 21 hours of 30(b)(6) deposition of the Defendants in each of the Two Related Actions. Plaintiffs shall use their best efforts to avoid asking duplicative questions of Defendants' fact witnesses in the Two Related Actions.

        ii.        <u>Location of Depositions.</u> Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

        f.        <u>Discovery Matters and Disputes Relating to Protective Orders.</u> Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than forty-eight hours prior to the conference/argument, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than twenty-four hours prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one hour of e-filing the document(s). If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

      g.     <u>Identification of Accused Products and Asserted Patents.</u> Pursuant to Paragraph 4(a) of the Default Discovery Standard, Plaintiffs shall specifically identify the asserted patents the Defendants in each of the Two Related Actions allegedly infringes, including identification of the accused products, and produce the file history for each asserted patent by **January 21, 2014**.

      h.     <u>Core Technical Documents.</u> Pursuant to Paragraph 4(b) of the Default Discovery Standard, the Defendants in each of the Two Related Actions shall produce to the Plaintiffs the Core Technical Documents related to the accused products, including but not limited to the subject ANDAs filed, respectively, by one or more Defendants in each of the Two Related Actions, by **January 21, 2014**.

      i.     <u>Infringement Contentions.</u> Pursuant to Paragraph 4(c) of the Default Discovery Standard, Plaintiffs shall produce to Defendants in each of the Two Related Actions an initial claim chart relating each accused product to the asserted claims each product allegedly infringes by **March 12, 2014**.

      j.     <u>Invalidity Contentions.</u> Pursuant to Paragraph 4(d) of the Default Discovery Standard, Defendants in each of the Two Related Actions shall produce to Plaintiffs their initial invalidity contentions for each asserted claim, as well as the related invalidating references (*e.g.*, publications, manuals, and patents) by **April 16, 2014**.

4.    <u>Application to Court for Protective Order.</u> Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court on **January 21, 2014**. Should

counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(f) above.

Any proposed protective order must include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. Papers Filed Under Seal. When filing papers under seal, counsel shall deliver to the Clerk an original and one copy of the papers. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

6. Courtesy Copies. The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

7. Claim Construction Issue Identification. On or before **May 2, 2014**, the parties in each of the Two Related Actions shall exchange a list of those claim term(s)/phrase(s) that they believe need construction. On or before **May 30, 2014**, the parties in each of the Two Related Actions shall exchange their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, those parties will meet and confer to prepare a Joint Claim Construction Chart no later than **June 27, 2014**. The Joint Claim Construction Chart is to be filed no later than **July 11, 2014**. The Joint Claim Construction Chart, in Word or WordPerfect format, shall be e-mailed simultaneously with filing

to rga_civil@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

       8.     <u>Claim Construction Briefing.</u> The parties shall serve consolidated briefing in the two Related Actions. Plaintiffs shall serve, but not file, their opening brief, not to exceed 20 pages, on or before **August 5, 2014**. Defendants, collectively, in the Two Related Actions shall serve, but not file, their answering brief, not to exceed 30 pages, on **September 12, 2014**. Plaintiffs shall serve, but not file, their reply brief, not to exceed 20 pages, on **October 6, 2014**. Defendants, collectively, in the Two Related Actions, shall serve, but not file, their sur-reply brief, not to exceed 10 pages, on **October 27, 2014**. The parties in each of the Two Related Actions agree to support any petition to the Court by opposing counsel for a reasonable number of additional pages in excess of the above limits as a result of consolidated briefing. No later than **October 31, 2014**, the parties in the Two Related Actions shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

**JOINT CLAIM CONSTRUCTION BRIEF**

I.     Agreed-upon Constructions

II.    Disputed Constructions

A.    [TERM 1]

      1.    Plaintiffs' Opening Position
      2.    Defendants' Answering Position

      3.      Plaintiffs' Reply Position
      4.      Defendants' Sur-Reply Position

B.    [TERM 2]

      1.      Plaintiffs' Opening Position
      2.      Defendants' Answering Position
      3.      Plaintiffs' Reply Position
      4.      Defendants' Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

      9.      <u>Hearing on Claim Construction.</u> Beginning at **9:00 a.m.** on **December 3, 2014**, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours.

      10.     <u>Disclosure of Expert Testimony.</u>

      a.      <u>Expert Reports.</u> For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **February 17, 2015**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **March 27, 2015**. Reply expert reports from the party with the initial burden of proof are due on or before **April 24, 2015**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before **May 29, 2015**.

    b. Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than **June 5, 2015**, unless otherwise ordered by the Court.

  11. Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

  12. Pretrial Conference. On **August 21, 2015**, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel in each of the Two Related Actions beginning at **11:00 a.m.** The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the third business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

  13. Motions *in Limine.* Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. The Plaintiffs, on the one hand, and the Defendants, collectively, in each of the Two Related Actions, on the other hand, shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a

single three page submission (and, if the moving party, a single one page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

15. <u>Jury Instructions, Voir Dire, and Special Verdict Forms.</u> Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5 p.m. on the third business day before the date of the final pretrial conference. The parties shall submit simultaneously with filing each of the foregoing four documents in Word or WordPerfect format to rga_civil@ded.uscourts.gov.

16. <u>Trial.</u> This matter is scheduled for a 3 day trial beginning at **8:30 a.m.** on **August 31, 2015**, with the subsequent trial days beginning at 9:30 a.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

17. <u>ADR Process.</u> This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

*[signature]*

UNITED STATES DISTRICT JUDGE