# PHILLIPS, GOLDMAN & SPENCE, P. A.

ATTORNEYS AT LAW

JOHN C. PHILLIPS, JR.
STEPHEN W. SPENCE*
ROBERT S. GOLDMAN*†**
LISA C. McLAUGHLIN†
JAMES P. HALL
DAVID A. BILSON***
MEGAN C. HANEY
STEPHEN A. SPENCE
AARON C. BAKER

ALSO MEMBER OF
*PENNSYLVANIA BAR
**NEW JERSEY BAR
†MARYLAND BAR
†FLORIDA BAR

PENNSYLVANIA AVE. AND BROOM ST.
1200 N. BROOM STREET
WILMINGTON, DELAWARE 19806

(302) 655-4200
(302) 655-4210 (F)
www.pgslaw.com

November 24, 2014

**VIA CM/ECF & HAND DELIVERY**

The Honorable Richard G. Andrews
United States District Court
  for the District of Delaware
844 North King Street
Wilmington, DE  19801

Re: *Reckitt Benckiser Pharma. Inc. v. Watson Labs.*, C.A. No. 13-1674; *Reckitt Benckiser Pharma. Inc. v. Par Pharma Inc.*, C.A. No. 14-0422

Dear Judge Andrews,

Defendant Watson Laboratories, Inc. ("Watson") writes to provide the Court with supplemental authority prior to the claim construction hearing scheduled for December 3.

In January 2014, BioDelivery Sciences International, Inc.—not a party to the present litigation—filed a petition seeking *inter partes* review of certain claims of U.S. Patent No. 8,475,832 ("the '832 patent"), which is one of the patents asserted in the present litigation. In July, the Patent Trial and Appeal Board instituted *inter partes* review of the '832 patent (IPR2014-00325). On November 7, RB Pharmaceuticals Limited ("RBP"), the owner of the '832 patent and one of the Plaintiffs in the present litigation, filed the attached Patent Owner's Response ("IPR Response").

At the claim construction hearing, Watson would like to bring to the Court's attention certain arguments RBP made in its IPR Response that appear to be inconsistent with positions RBP has taken in the claim construction briefing.

Significantly, the IPR Response was not available for Watson to cite as evidence in the claim construction briefing because the IPR Response was filed one week after the parties' Joint Claim Construction Brief. (D.I. 106 filed on October 31.) Additionally, Watson has no role in the IPR. But, Plaintiffs' counsel of record in the current litigation—Messrs. James M. Bollinger

The Honorable Richard G. Andrews
November 24, 2014
Page 2

and Daniel A. Ladow— are also counsel of record for RBP in the IPR. (*see* IPR Response at 57.)

      Watson contends that citing the IPR Response at the claim construction hearing will not prejudice Plaintiffs because the IPR Response (a) relates to the same patent at issue in the current litigation, (b) was not available until after claim construction briefing was completed, and (c) was drafted by Plaintiffs' counsel.

                                            Respectfully submitted,

                                            */s/ Jack R.*

                                        JOHN C. PHILLIPS, JR.

JCP:ekw