**PROPOSED JOINT PRETRIAL ORDER EXHIBIT 4**

**PLAINTIFFS' STATEMENT OF ISSUES OF LAW**

Plaintiffs respectfully submit this statement of issues of law, based on Plaintiffs' current understanding of Watson's non-infringement and invalidity arguments and Par's invalidity arguments. Plaintiffs reserve all rights to amend or supplement its submission as appropriate, including, to the extent that Defendants attempt to introduce different or additional legal arguments than those presented in the Joint Pretrial Order, to contest those arguments and to present any and all rebuttal evidence in response to those arguments. Plaintiffs further reserve the right to cite additional or other authorities to the Court and in post-trial briefing as the citation of authorities in this exhibit is not intended to be exhaustive.

Plaintiffs do not include here the issues that have been the subject of a stipulation or issues that may arise due to future acts by Defendants, such as damages and willfulness. Plaintiffs also do not include issues related to exceptional case. Plaintiffs reserve the right to include those issues that may arise due to future acts by Watson or related to exceptional case at a later time.

If the Court determines that an issue identified as an issue of law is more properly considered as an issue of fact, then Plaintiffs request that issue should be considered an issue of fact. By including an issue of law here, Plaintiffs do not assume the burden of proof or production with regard to the legal issues that are Defendants' burdens to prove. Plaintiffs reserve the right to revise this list for any reason, including in light of Defendants' lists, as well as any pretrial rulings by the Court, the trial itself, or for post-trial briefing.

**INFRINGEMENT**

1.     **Whether Plaintiffs have proven by preponderance of the evidence that Defendants infringe and will infringe one or more of the Asserted Claims against Defendants, either literally or under the doctrine of equivalents.** *See, e.g.*:

- 35 U.S.C. § 271.

- *Novartis Pharms. Corp. v. PAR Pharm., Inc.*, 48 F. Supp. 3d 733, 738–39 (D. Del. 2014) (Andrews, J.) ("The patent owner has the burden of proving infringement by a preponderance of the evidence. Infringement can be shown by any method of analysis that is probative of the fact of infringement, and, in some cases, circumstantial evidence may be sufficient." (citations omitted)).

- *Sunovion Pharms., Inc. v. Teva Pharms. USA, Inc.*, 731 F.3d 1271, 1278 (Fed. Cir. 2013) ("Although no traditional patent infringement has occurred until a patented product is made, used, or sold, under the Hatch-Waxman framework, the filing of an ANDA itself constitutes a technical infringement for jurisdictional purposes.").

- *Intel Corp. v. U.S. Int'l Trade Comm'n*, 946 F.2d 821, 832 (Fed. Cir. 1991) ("[T]here is no intent element to *direct* infringement.").

- *Pfizer, Inc. v. Teva Pharms., USA, Inc.*, 429 F.3d 1364, 1377 (Fed. Cir. 2005) (recognizing that quantitative testing is not required for finding of infringement) (citing *Water Techs. Corp. v. Calco, Ltd.*, 850 F.2d 660, 667 (Fed. Cir. 1988)).

- *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 850–51 (Fed. Cir. 2010), *aff'd*, 131 S. Ct. 2238 (2011) ("A party is liable for contributory infringement if that party sells, or offers to sell, a material or apparatus for use in practicing a patented process. That 'material or apparatus' must be a material part of the invention, have no substantial

noninfringing uses, and be known (by the party) 'to be especially made or especially adapted for use in an infringement of such patent.'" (quoting 35 U.S.C. § 271(c))).

- *Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 904 (Fed. Cir. 2014) ("To prove inducement of infringement, . . . the patentee must show that the accused inducer took an affirmative act to encourage infringement with the knowledge that the induced acts constitute patent infringement." (citing *Global–Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011))).

- *Astrazeneca LP v. Apotex, Inc.*, 633 F.3d 1042, 1060 (Fed. Cir. 2010) ("In the context of specific intent, it is irrelevant that some users may ignore the warnings in the proposed label. The pertinent question is whether the proposed label instructs users to perform the patented method. If so, the proposed label may provide evidence of [the generic drug company's] affirmative intent to induce infringement.").

- *Cephalon, Inc. v. Watson Pharms., Inc.*, 629 F. Supp. 2d 338, 350 (D. Del. 2009) (explaining that generic company induces infringement where it "will be involved in the marketing and distribution of" the generic product described in the ANDA).

- *In re Alfuzosin Hydrochloride Patent Litig.*, No. 08-md-1941 GMS, 2010 U.S. Dist. LEXIS 47747, at *6-7 (D. Del. May 14, 2010) (finding specific intent to induce infringement where the "proposed label instructs physicians and patients how to use [the Generic Product]").

## **VALIDITY**

All patents are presumed valid, and the presumption of validity applies independently to each claim. 35 U.S.C. § 282(a). The presumption of validity "is applicable to all of the many bases for challenging a patent's validity." *Panduit Corp. v. Dennison Mfg. Co.*, 810 F.2d 1561, 1570 (Fed. Cir. 1987). A party challenging the validity of a patent claim has the burden to prove

the invalidity of the claim by clear and convincing evidence. *Microsoft Corp. v. i4i Ltd. P'ship*, 131 S. Ct. 2238, 2242 (2011); *Insite Vision, Inc. v. Sandoz, Inc.*, 783 F.3d 853, 858 (Fed. Cir. 2015). Clear and convincing evidence is a higher standard of proof than preponderance of the evidence. *See id.* at 2245–46. "[A] party challenging validity shoulders an enhanced burden if the invalidity argument relies on the same prior art considered during examination by the [PTO]." *Pfizer, Inc. v. Watson Pharms., Inc*., 920 F. Supp. 2d 552, 563 (D. Del. 2013) (Andrews, J.) (alteration in original); *Creative Compounds, LLC v. Starmark Labs.*, 651 F.3d 1303, 1313 (Fed. Cir. 2011).

> **A.     Prior Art and Person of Ordinary Skill in the Art**

**2.     Whether Defendants can prove by clear and convincing evidence that each of the references that they timely disclosed during discovery, and upon which their experts rely, is prior art to the patents-in-suit.** *See, e.g.,* 35 U.S.C. § 102; *Mahurkar v. C.R. Bard, Inc*., 79 F.3d 1572, 1578 (Fed. Cir. 1996) (explaining that alleged infringer "must persuade the trier of fact by clear and convincing evidence that the [reference] was published prior to . . . [the] invention date").

**3.     What were the qualifications and knowledge of a person of ordinary skill in the art pertinent to the Asserted Claims of the '832 patent.** *See, e.g., Ruiz v. A.B. Chance Co.,* 234 F.3d 654, 666–67 (Fed. Cir. 2000) ("Factors that may be considered in determining the ordinary level of skill in the art include: 1) the types of problems encountered in the art; 2) the prior art solutions to those problems; 3) the rapidity with which innovations are made; 4) the sophistication of the technology; and 5) the educational level of active workers in the field."); *id.* at 666 ("The determination of the level of ordinary skill in the art is an integral part of the Graham analysis."); *Neato, LLC v. Rocky Mountain Traders*, 138 F. Supp. 2d 245, 252 (D. Conn.

2001) ("The party asserting obviousness has the burden of proof on the issue of the level of ordinary skill in the art.").

  **4. What were the qualifications and knowledge of a person of ordinary skill in the art pertinent to the Asserted Claims of the '514 patent.** *See, e.g., Ruiz v. A.B. Chance Co.*, 234 F.3d 654, 666–67 (Fed. Cir. 2000) ("Factors that may be considered in determining the ordinary level of skill in the art include: 1) the types of problems encountered in the art; 2) the prior art solutions to those problems; 3) the rapidity with which innovations are made; 4) the sophistication of the technology; and 5) the educational level of active workers in the field."); *id.* at 666 ("The determination of the level of ordinary skill in the art is an integral part of the Graham analysis."); *Neato, LLC v. Rocky Mountain Traders*, 138 F. Supp. 2d 245, 252 (D. Conn. 2001) ("The party asserting obviousness has the burden of proof on the issue of the level of ordinary skill in the art.").

  **5. What were the qualifications and knowledge of a person of ordinary skill in the art pertinent to the Asserted Claims of the '150 patent.** *See, e.g., Ruiz v. A.B. Chance Co.*, 234 F.3d 654, 666–67 (Fed. Cir. 2000) ("Factors that may be considered in determining the ordinary level of skill in the art include: 1) the types of problems encountered in the art; 2) the prior art solutions to those problems; 3) the rapidity with which innovations are made; 4) the sophistication of the technology; and 5) the educational level of active workers in the field."); *id.* at 666 ("The determination of the level of ordinary skill in the art is an integral part of the Graham analysis."); *Neato, LLC v. Rocky Mountain Traders*, 138 F. Supp. 2d 245, 252 (D. Conn. 2001) ("The party asserting obviousness has the burden of proof on the issue of the level of ordinary skill in the art.").

6. **Whether Defendants can prove by clear and convincing evidence that the '514 patent is not entitled to a priority date of September 27, 2002.** *See, e.g.,* 35 U.S.C. § 120; *Tech. Licensing Corp. v. Videotek, Inc.,* 545 F.3d 1316, 1328 (Fed. Cir. 2008) (patent challenger has the "ultimate burden" of proving by "clear and convincing evidence" that the patent claims are "not entitled to the benefit of the earlier filing date").

7. **Whether Defendants can prove by clear and convincing evidence that the '150 patent is not entitled to a priority date of May 28, 2003.** *See, e.g.,* 35 U.S.C. § 120; *Technology Licensing Corp. v. Videotek, Inc.,* 545 F.3d 1316, 1328 (Fed. Cir. 2008) (patent challenger has the "ultimate burden" of proving by "clear and convincing evidence" that the patent claims are "not entitled to the benefit of the earlier filing date").

B. <u>Anticipation</u>

8. **Whether Defendants can prove by clear and convincing evidence that the Asserted Claims of the '832 patent are invalid as anticipated pursuant to 35 U.S.C. § 102(e).** *See, e.g., Abbott Labs. v. Sandoz, Inc.,* 544 F.3d 1341, 1345 (Fed. Cir. 2008) ("Anticipation is established by documentary evidence, and requires that every claim element and limitation is set forth in a single prior art reference, in the same form and order as in the claim."); *Net MoneyIN, Inc. v. VeriSign, Inc.*, 545 F.3d 1359, 1371 (Fed. Cir. 2008) ("[U]nless a reference discloses within the four corners of the document not only all of the limitations claimed but also all of the limitations arranged or combined in the same way as recited in the claim, it cannot be said to prove prior invention of the thing claimed and, thus, cannot anticipate under 35 U.S.C. § 102."); *In re Omeprazole Patent Litig.*, 483 F.3d 1364, 1378 (Fed. Cir. 2007) ("To 'anticipate,' the identical subject matter must not only be previously known, but the knowledge must be sufficiently enabling to place the information in the possession of the

public."); *id.* at 1371 ("Anticipation requires disclosure of each and every claim limitation in a single prior art reference, either explicitly or inherently."); *Akamai Techs., Inc. v. Cable & Wireless Internet Servs., Inc.*, 344 F.3d 1186, 1192 (Fed. Cir. 2003) ("A claim limitation is inherent in the prior art if it is necessarily present in the prior art, not merely probably or possibly present.").

9. **Whether Defendants can prove by clear and convincing evidence that Defendants' alleged prior art references enable a person of ordinary skill in the art to make the claimed invention without undue experimentation.** *See, e.g., Elan Pharm., Inc. v. Mayo Found. Med. Educ. & Research,* 346 F.3d 1051, 1054 (Fed. Cir. 2003) ("To serve as an anticipating reference, the reference must enable that which it is asserted to anticipate. . . . Enablement requires that 'the prior art reference must teach one of ordinary skill in the art to make or carry out the claimed invention without undue experimentation.'" (citations omitted)); *Forest Labs., Inc. v. Ivax Pharm., Inc.*, 438 F. Supp. 2d 479, 487–88 & n.3 (D. Del. 2006), *aff'd*, 501 F.3d 1263 (Fed. Cir. 2007) (explaining that "even if the patentee is required to present some evidence of nonenablement, the burden still rests on the party asserting invalidity to ultimately demonstrate by clear and convincing evidence that the prior art is enabled").

C. **Obviousness**

10. **Whether Defendants can prove by clear and convincing evidence that the Asserted Claims are invalid as obvious pursuant to 35 U.S.C. § 103 in light of the specific combinations Defendants have asserted of one or more of Defendants' alleged prior art references.** *See, e.g.:*

- *KSR Int'l Co. v. Teleflex, Inc.,* 550 U.S. 398, 418 (2007) ("[A] patent composed of several elements is not proved obvious merely by demonstrating that each of its

elements was, independently, known in the prior art."); *see also id.* at 418–19 ("[I]nventions in most, if not all, instances rely upon building blocks long since uncovered, and claimed discoveries almost of necessity will be combinations of what, in some sense, is already known.").

- *Sanofi-Synthelabo v. Apotex, Inc.,* 550 F.3d 1075, 1085–86 (Fed. Cir. 2008) (explaining that obviousness is a question of law and identifying the following factors for consideration: (1) the scope and content of the prior art, (2) the differences between the prior art and the claimed invention, (3) the level of ordinary skill in the art, and (4) any relevant secondary considerations) (citing *Graham v. John Deere Co.*, 383 U.S. 1, 17–18 (1966)).

- *Unigen Labs., Inc. v. Apotex, Inc*., 655 F.3d 1352, 1360–61 (Fed. Cir. 2011) ("[O]bviousness requires the additional showing that a person of ordinary skill at the time of the invention would have selected and combined those prior art elements in the normal course of research and development to yield the claimed invention . . . . A person of ordinary skill at the time of the invention interprets the prior art using common sense and appropriate perspective." (citations omitted) (citing *KSR*, 550 U.S. at 418, 421)).

- *Procter & Gamble Co. v. Teva Pharms. USA, Inc*., 566 F.3d 989, 994 (Fed. Cir. 2009) ("A party seeking to invalidate a patent based on obviousness must demonstrate by clear and convincing evidence that a skilled artisan would have been motivated to combine the teachings of the prior art references to achieve the claimed invention, and that the skilled artisan would have had a reasonable expectation of success in doing so.").

- *Life Techs., Inc. v. Clontech Labs., Inc.,* 224 F.3d 1320, 1325 (Fed. Cir. 2000) ("Because patentability is assessed from the perspective of the hypothetical person of ordinary skill in the art, information regarding the subjective motivations of inventors is not material.").

- *Sanofi-Aventis Deutschland GmbH v. Glenmark Pharms., Inc.*, 748 F.3d 1354, 1360 (Fed. Cir. 2014) ("Patentable invention does not require that inventors work from ignorance. Technologic advance flows from knowledge, experience, insight—perhaps hunch or curiosity. Patentability does not turn on how the invention was made, but on whether it would have been obvious to a person of ordinary skill in the field.").

- *Eli Lilly & Co. v. Zenith Goldline Pharms., Inc.,* 471 F.3d 1369, 1379 (Fed. Cir. 2006) ("[T]o establish a prima facie case of obviousness based on a combination of elements in the prior art, the law requires a motivation to select the references and to combine them in the particular claimed manner to reach the claimed invention.").

- *Teleflex, Inc. v. Ficosa N. Am. Corp*., 299 F.3d 1313, 1334 (Fed. Cir. 2002) (recognizing that "showing of a motivation to combine must be clear and particular, and it must be supported by actual evidence").

- *Depuy Spine, Inc. v. Medtronic Sofamor Danek, Inc*., 567 F.3d 1314, 1326–28 (Fed. Cir. 2009) (finding no reason to combine in light of references that taught away); *id.* at 1326 ("An inference of nonobviousness is especially strong where the prior art's teachings undermine the very reason being proffered as to why a person of ordinary skill would have combined the known elements.").

- *Otsuka Pharm. Co. v. Sandoz, Inc.*, 678 F.3d 1280, 1295 (Fed. Cir. 2012) (finding prior art taken as a whole taught away from using compound as a starting point for further research).

- *Ortho-McNeil Pharm., Inc. v. Mylan Labs., Inc.*, 520 F.3d 1358, 1364 (Fed. Cir. 2008) (finding it improper to "retrace[] the path of the inventor with hindsight, discount[] the number and complexity of the alternatives, and conclude[] that the invention . . . was obvious").

- *Yamanouchi Pharm. Co, Ltd. v. Danbury Pharmacal, Inc.*, 231 F.3d 1339, 1344–45 (Fed. Cir. 2000) (affirming district court finding of nonobviousness where the case "ha[d] all the earmarks of somebody looking at this from hindsight").

- *Invitrogen Corp. v. Biocrest Mfg., L.P.*, 424 F.3d 1374, 1381 (Fed. Cir. 2005) ("[A]n inventor's own work cannot be used to invalidate patents protecting his own later inventive activities, unless, *inter alia*, he places it on sale or uses it publicly more than a year before filing.").

- *In re Katz*, 687 F.2d 450, 454 (C.C.P.A. 1982) ("one's own work is not prior art under § 102(a) even though it has been disclosed to the public in a manner or form which otherwise would fall under § 102(a)").

- *Bausch & Lomb, Inc. v. Barnes-Hind/Hydrocurve, Inc.,* 796 F.2d 443, 448 (Fed. Cir. 1986) ("The statutory emphasis is on a person of ordinary skill. Inventors, as a class, according to the concepts underlying the Constitution and the statutes that have created the patent system, possess something—call it what you will—which sets them apart from the workers of *ordinary* skill, and one should not go about determining obviousness under § 103 by inquiring into what *patentees* (i.e., inventors) would have

known or would likely have done, faced with the revelation of references.") (citing *Standard Oil Co. v. Am. Cyanamid Co.*, 774 F.2d 448, 454 (Fed. Cir. 1985)); *see id.* at 449 (finding the district court improperly determined the patent was obvious because "it failed to make the *Graham* inquiries[;] it improperly focused on what was obvious to the inventor[;] it engaged in hindsight analysis[;] and it considered evidence that was not prior art").

- *Pfizer, Inc. v. Apotex, Inc.*, 480 F.3d 1348, 1361 (Fed. Cir. 2007) ("[T]he burden falls on the challenger of the patent to show by clear and convincing evidence that a skilled artisan would have been motivated to combine the teachings of the prior art references to achieve the claimed invention, and that the skilled artisan would have had a reasonable expectation of success in doing so.").

- *Broadcom Corp. v. Emulex Corp.*, 732 F.3d 1325, 1335 (Fed. Cir. 2013) (affirming district court's finding of nonobviousness in part because "the record does not show any reasonable expectation that" the proposed combination of prior art would have been successful).

**11. Whether objective indicia, including without limitation, unexpected results, skepticism of others, commercial success, industry praise, long-felt need, failure of others, copying and acquiescence to validity, support the non-obviousness of the Asserted Claims.** *See, e.g.:*

- *Leo Pharm. Prods., Ltd. v. Rea,* 726 F.3d 1346, 1358 (Fed. Cir. 2013) ("Objective indicia of nonobviousness play a critical role in the obviousness analysis. They are 'not just a cumulative or confirmatory part of the obviousness calculus but constitute[] independent evidence of nonobviousness.' . . . Objective indicia 'can be

Case 1:13-cv-01674-RGA   Document 347-4   Filed 10/23/15   Page 12 of 18 PageID #: 9692

the most probative evidence of nonobviousness in the record, and enables the court to avert the trap of hindsight.'" (citations omitted) (alteration in original)).

- *In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig.*, 676 F.3d 1063, 1075–76 (Fed. Cir. 2012) (explaining that secondary considerations can often be the most probative evidence on the issue of obviousness and so they should be considered as part of all the evidence); *id.* at 1079 (cautioning that rather than forming a preliminary conclusion of obviousness and shifting the burden to the patentee, the fact finder "must withhold judgment on an obviousness challenge until it considers all relevant evidence, including that relating to the objective considerations").

- *Eli Lilly & Co. v. Zenith Goldline Pharms., Inc.*, 471 F.3d 1369, 1380 (Fed. Cir. 2006) (finding objective criteria, such as "(1) a long-felt and unmet need; (2) failure of others; (3) industry acclaim; and (4) unexpected results," supported non-obviousness).

- *Forest Labs., Inc. v. Ivax Pharms., Inc.*, 438 F. Supp. 2d 479, 492–96 (D. Del. 2006) (including in obviousness analysis, inter alia, commercial success, unexpected results, copying and acquiescence of others).

- *Sanofi-Synthelabo v. Apotex, Inc.,* 550 F.3d 1075, 1089–90 (Fed. Cir. 2008) (including in obviousness analysis, inter alia, unexpected results).

- *Ruiz v. A.B. Chance Co.,* 234 F.3d 654, 662–64 (Fed. Cir. 2000) (explaining that proper nonobviousness analysis must account for the Graham factors, which include secondary considerations).

- *Demaco Corp. v. F. Von Langsdorff Licensing Ltd.*, 851 F.2d 1387, 1392 (Fed. Cir. 1988) ("A prima facie case of nexus is generally made out when the patentee shows both that there is commercial success, and that the thing (product or method) that is commercially successful is the invention disclosed and claimed in the patent."); *see also id.* at 1394 (explaining that a patentee does not have to prove that "the commercial success of the patented invention is not due to factors other than the patented invention" and that it is sufficient for the patentee "to show that the commercial success was of the patented invention itself").

- *Power-One, Inc. v. Artesyn Techs., Inc.*, 599 F.3d 1343, 1352 (Fed. Cir. 2010) (analyzing industry praise in obviousness analysis).

- *Vulcan Eng'g Co. v. Fata Aluminum, Inc.*, 278 F.3d 1366, 1373 (Fed. Cir. 2002) (affirming the district court's ruling of nonobviousness based on evidence of "the commercial success" of the patented inventions as well as "[a]ppreciation by contemporaries skilled in the field of the invention").

### D.   Written Description and Enablement Under 35 U.S.C. § 112

**12.    Whether Defendants can prove by clear and convincing evidence that the patents-in-suit do not reasonably convey to a person of ordinary skill in the art at the time of the invention that the inventors had possession of the claimed subject matter.** *See, e.g.:*

- 35 U.S.C. § 112.

- *Vasudevan Software, Inc. v. MicroStrategy, Inc.*, 782 F.3d 671, 682 (Fed. Cir. 2015) ("A party must prove invalidity for lack of written description by clear and convincing evidence.").

- *Pozen Inc. v. Par Pharm., Inc.,* 696 F.3d 1151, 1167 (Fed. Cir. 2012) (explaining that a "specification meets the written description requirement [when] the specification

13

describes the invention in such a way that it is understandable to a person of ordinary skill in the art").

- *Allergan, Inc. v. Sandoz Inc.*, No. 2014-1275, 2015 U.S. App. LEXIS 13616 at *28–29 (Fed. Cir. Aug. 4, 2015) ("There is no rigid requirement that the disclosure contain either examples or an actual reduction to practice; the proper inquiry is whether the patentee has provided an adequate description that in a definite way identifies the claimed invention in sufficient detail such that a person of ordinary skill would understand that the inventor had made the invention at the time of filing.").

- *Capon v. Eshhar*, 418 F.3d 1349, 1358 (Fed. Cir. 2005) (recognizing that the written description requirement "must be applied in the context of the particular invention and the state of knowledge").

- *Crown Packaging Tech., Inc. v. Ball Metal Bev. Container Corp.*, 635 F.3d 1373, 1380 (Fed. Cir. 2011) ("Original claims are part of the specification and in many cases will satisfy the written description requirement.").

**13. Whether Defendants can prove by clear and convincing evidence that the patents-in-suit did not teach a person of ordinary skill in the art at the time of the invention to make and use the Asserted Claims without undue experimentation.** *See, e.g.:*

- 35 U.S.C. § 112.

- *Cephalon, Inc. v. Watson Pharm., Inc.*, 707 F.3d 1330, 1336 (Fed. Cir. 2013) ("[Enablement] is met when at the time of filing the application one skilled in the art, having read the specification, could practice the invention without 'undue experimentation.'"); *id.* at 1337 ("Because we must presume a patent enabled, the challenger bears the burden, throughout the litigation, of proving lack of enablement

by clear and convincing evidence."); *id.* at 1340 (reversing the district court's nonenablement determination because challenger failed to satisfy its burden of proof).

- *In re Brana*, 51 F.3d 1560, 1568 (Fed. Cir. 1995) ("Usefulness in patent law, and in particular in the context of pharmaceutical inventions, necessarily includes the expectation of further research and development.").

- *Edwards Lifesciences AG v. Core Valve, Inc*., 699 F.3d 1305, 1309 (Fed. Cir. 2012) ("Continuing development is often contemplated and necessary, while early filing is often essential . . . . However, it has long been recognized that when experimentation on human subjects is inappropriate, as in the testing and development of drugs and medical devices, the enablement requirement may be met by animal tests or *in vitro* data.").

- *In re Wands*, 858 F.2d 731, 736–37 (Fed. Cir. 1988) (factors that may be considered to determine whether there is undue experimentation include "(1) the quantity of experimentation necessary, (2) the amount of direction or guidance presented, (3) the presence or absence of working examples, (4) the nature of the invention, (5) the state of the prior art, (6) the relative skill of those in the art, (7) the predictability or unpredictability of the art, and (8) the breadth of the claims"); *id.* at 737 ("[A] considerable amount of experimentation is permissible, if it is merely routine, or if the specification in question provides a reasonable amount of guidance with respect to the direction in which the experimentation should proceed . . . .").

- *Streck, Inc. v. Research & Diagnostic Sys., Inc.,* 665 F.3d 1269, 1285, 1287 (Fed. Cir. 2012) (explaining that to satisfy enablement, reliance by patentee on what is known in the art is proper).

15

- *Eli Lilly & Co. v. Actavis Elizabeth LLC*, 435 Fed. App'x 917, 925 (Fed. Cir. 2011) (explaining that "applicant may provide data obtained either before or after the patent application was filed" to satisfy the enablement requirement).

- *Falkner v. Inglis*, 448 F.3d 1357, 1365 (Fed. Cir. 2006) (recognizing that a patent does not have to teach what is well known in the art).

E. **Indefiniteness**

14. **Whether Defendants can prove by clear and convincing evidence that each of the Asserted Claims is invalid for failure to meet the definiteness requirement of 35 U.S.C. § 112.** *See, e.g.:*

- 35 U.S.C. § 112.

- *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120, 2124 (2014) ("[A] patent is invalid for indefiniteness if its claims, read in light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention."); *id.* at 2129 ("The definiteness requirement . . . recogniz[es] that absolute precision is unattainable.").

- *Biosig Instruments, Inc. v. Nautilus, Inc.*, 783 F.3d 1374, 1384 (Fed. Cir. 2015) (reversing district court's finding of indefiniteness because the claims inform "those skilled in the art about the scope of the invention with reasonable certainty").

- *Media Rights Techs., Inc. v. Capital One Fin. Corp.*, No. 2014-1218, 2015 U.S. App. LEXIS 15767 at *8 (Fed. Cir. Sept. 4, 2015) ("[A] claim is indefinite if its language 'might mean several different things and no informed and confident choice is available among the contending definitions.'").

**REMEDIES**

15.     Whether Plaintiffs are entitled to an order under 35 U.S.C. § 271(e)(4)(A) that the effective date of approval of Watson's ANDA No. 204383 and No. 207087 be no earlier than the latest expiration date of the patents-in-suit, including any extensions and additional periods of exclusivity.[1] *See, e.g.:*

- 35 U.S.C. § 271.

- *In re Omeprazole Patent Litig.,* 536 F.3d 1361, 1368 (Fed. Cir. 2008) ("effective date in a district court's order under section 271(e)(4)(A) will be the date of patent expiration, including any patent extensions").

- *Research Found. of State Univ. of N.Y. v. Mylan Pharms. Inc.*, Nos. 09-184-LPS, 10-892-LPS, 2012 U.S. Dist. LEXIS 80737, at *4–5, *21 (D. Del. May 25, 2012) (directing FDA to withdraw final approval of any product that is the subject of ANDA at issue and ordering effective date to be the date of expiration of the asserted patent, or an extension of that date).

16.     Whether Plaintiffs are entitled to a permanent injunction enjoining Watson, its officers, agents, attorneys and employees, and those acting in privity or concert with them, from engaging in the commercial manufacture, use, sale, or offer for sale of Watson's Generic Product in the United States, or importation of Watson's Generic Product into the United States, or inducing or contributing to any such conduct, until after the expiration date of the patents-in-suit, including any extensions and additional periods of exclusivity. *See, e.g.:*

---

[1] Plaintiffs are not presently seeking damages on the claims set for trial in this matter. Plaintiffs, however, reserve the right to seek damages should any Defendant engage in the commercial manufacture, use, offer to sell, or sale within the United States, or importation into the United States, of its ANDA Product, prior to the expiration of Plaintiffs' relevant patents.

- 35 U.S.C. § 271.

- 35 U.S.C. § 283.

- *eBay Inc. v. MercExchange, L.L.C.,* 547 U. S. 388, 390–94 (2006) (describing test governing grant of injunctive relief).

- *Research Found.*, 2012 WL 1901267, at *1–*2, *7 (entering a permanent injunction "enjoining [accused infringer] and those in concert with it from the commercial manufacture, use, sale, and offer for sale within the United States or importation into the United States of any drug product described in [accused infringer's] ANDA . . . until expiration of the [asserted] Patent").

**17.** **Whether Plaintiffs are entitled to attorney's fees.**

- 35 U.S.C. § 285.

- *Octane Fitness, LLC v. ICON Health & Fitness, Inc.,* 134 S. Ct. 1749, 1756 (2014) ("[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) . . . . District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances.").