# PROPOSED JOINT PRETRIAL ORDER EXHIBIT 12

# PLAINTIFFS' BRIEF STATEMENT OF INTENDED PROOFS

Plaintiffs respectfully submit this brief statement of what they intend to prove at trial. This statement is not intended to be exhaustive, and Plaintiffs reserve the right to prove any matters identified in the pleadings, fact and expert discovery, and any of the accompanying statements of facts and legal issues to be litigated at trial. With respect to proof to be presented by expert testimony, Plaintiffs incorporate by reference the reports of Plaintiffs' expert witnesses addressing the issues identified below.

Plaintiffs reserve the right to prove or respond to any issues of fact or law set forth in Plaintiffs' Statement of Issues of Fact that Remain to be Litigated and Plaintiffs' Statement of Issues of Law that Remain to be Litigated. Plaintiffs further reserve the right to amend and/or supplement this statement to the extent necessary to respond to issues raised by Defendants, and to rebut any alleged proof(s) offered by the Defendants before and during trial, in response to rulings by the Court, or for any other reason.

**A.     Issues on Which Plaintiffs Bear the Burden of Proof**

    A.     **Ownership**

        1.     To the extent not stipulated, Plaintiffs will prove by a preponderance of the evidence that Plaintiff RBP UK is the lawful owner of the '832 patent, and Plaintiff RBP is an exclusive licensee of the '832 patent.

        2.     To the extent not stipulated, Plaintiffs will prove by a preponderance of the evidence that Plaintiff MonoSol is the lawful owner of the '514 patent, and Plaintiff RBP is an exclusive licensee of the '514 patent.

   3. To the extent not stipulated, Plaintiffs will prove by a preponderance of the evidence that Plaintiff MonoSol is the lawful owner of the '150 patent, and Plaintiff RBP is an exclusive licensee of the '150 patent.

 B. **Infringement**

   1. Plaintiffs will prove by a preponderance of the evidence that Watson infringed claims 1, 3, 6, and/or 15-19 of the '832 patent by filing Abbreviated New Drug Application ("ANDA") No. 204383 and/or ANDA No. 207087 with the United States Food and Drug Administration ("FDA") seeking approval to commercially manufacture, use, offer to sell, or sell in the United States, or import into the United States, a generic version of Plaintiffs' Suboxone® sublingual film for the treatment of opioid dependence ("Watson's Generic Product"), prior to the expiration of the '832 patent.

   2. Plaintiffs will also prove by a preponderance of the evidence that the commercial manufacture, use, sale or offer for sale in the United States, or importation into the United States, of Watson's Generic Product before the expiration of the '832 patent will directly and/or indirectly infringe one or more of the claims asserted against Watson.

   3. Plaintiffs will prove by a preponderance of the evidence that Watson infringed claims 62, 64, 65, 69, and/or 73 of the '514 patent by filing ANDA No. 204383 and/or ANDA No. 207087 with the FDA seeking approval to commercially manufacture, use, offer to sell, or sell in the United States, or import into the United States, a generic version of Plaintiffs' Suboxone® sublingual film for the treatment of opioid dependence ("Watson's Generic Product"), prior to the expiration of the '514 patent.

   4. Plaintiffs will also prove by a preponderance of the evidence that the commercial manufacture, use, sale or offer for sale in the United States, or importation into the

27241114

United States, of Watson's Generic Product before the expiration of the '514 patent will directly and/or indirectly infringe one or more of the claims asserted against Watson.

5. Plaintiffs will prove by a preponderance of the evidence that Watson infringed claims 1 and/or 4 of the '150 patent by filing ANDA No. 204383 and/or ANDA No. 207087 with the FDA seeking approval to commercially manufacture, use, offer to sell, or sell in the United States, or import into the United States, a generic version of Plaintiffs' Suboxone® sublingual film for the treatment of opioid dependence ("Watson's Generic Product"), prior to the expiration of the '150 patent.

6. Plaintiffs will also prove by a preponderance of the evidence that the commercial manufacture, use, sale or offer for sale in the United States, or importation into the United States, of Watson's Generic Product before the expiration of the '150 patent will directly and/or indirectly infringe one or more of the claims asserted against Watson.

C. **Damages**

1. The parties do not intend to seek damages at this time, except Plaintiffs reserve the right to seek attorneys' fees, costs and expenses pursuant to 35 U.S.C. § 285. Plaintiffs reserve the right to seek damages if any Defendant manufactures, uses, sells, offers to sell, or imports any of the accused ANDA Products prior to the expiration date of the patents in suit.

B. **Issues on Which Defendants Bear the Burden of Proof**

1. In light of the presumption of validity afforded the '832 patent, Defendants bear the burden of proving invalidity by clear and convincing evidence. Plaintiffs will, to the extent necessary, introduce evidence to rebut any of Defendants' affirmative defenses and counterclaims.

2. To the extent necessary, Plaintiffs will show that Defendants did not and cannot prove by clear and convincing evidence that any asserted claim of the '832 patent is invalid for failure to comply with the requirements of 35 U.S.C. §§ 102 and 103.

3. To the extent necessary, Plaintiffs will show that Defendants did not and cannot prove by clear and convincing evidence that any claim of the '832 patent asserted against Defendants is invalid for failure to comply with the written description, enablement, or definiteness requirements of 35 U.S.C. § 112.

4. To the extent necessary, Plaintiffs will show that without the use of hindsight, a person of ordinary skill at the time of the invention ("POSA") would not have had a reason to combine prior art references to arrive at the inventions recited in the asserted claims of the '832 patent.

5. To the extent necessary, Plaintiffs will show that any purported prior art references cited by Defendants, alone or in combination, do not render any asserted claims of the '832 patent obvious including because there was no reason or motivation for a POSA to combine such references to arrive at the invention and that the POSA would not have had a reasonable expectation of success in doing so.

6. To the extent necessary, Plaintiffs will show that the '832 patent is entitled to a priority date of August 7, 2009.

7. In light of the presumption of validity afforded the '514 patent, Defendants bear the burden of proving invalidity by clear and convincing evidence. Plaintiffs will, to the extent necessary, introduce evidence to rebut any of Defendants' affirmative defenses and counterclaims.

27241114

8. To the extent necessary, Plaintiffs will show that Defendants did not and cannot prove by clear and convincing evidence that any asserted claim of the '514 patent is invalid for failure to comply with the requirements of 35 U.S.C. § 103.

9. To the extent necessary, Plaintiffs will show that Defendants did not and cannot prove by clear and convincing evidence that any claim of the '514 patent asserted against Defendants is invalid for failure to comply with the written description, enablement, or definiteness requirements of 35 U.S.C. § 112.

10. To the extent necessary, Plaintiffs will show that without the use of hindsight, a person of ordinary skill at the time of the invention ("POSA") would not have had a reason to combine prior art references to arrive at the inventions recited in the asserted claims of the '514 patent.

11. To the extent necessary, Plaintiffs will show that any purported prior art references cited by Defendants, alone or in combination, do not render any asserted claims of the '514 patent obvious including because there was no reason or motivation for a POSA to combine such references to arrive at the invention and that the POSA would not have had a reasonable expectation of success in doing so.

12. To the extent necessary, Plaintiffs will show that the '514 patent is entitled to a priority date of September 27, 2002.

13. In light of the presumption of validity afforded the '150 patent, Defendants bear the burden of proving invalidity by clear and convincing evidence. Plaintiffs will, to the extent necessary, introduce evidence to rebut any of Defendants' affirmative defenses and counterclaims.

14. To the extent necessary, Plaintiffs will show that Defendants did not and cannot prove by clear and convincing evidence that any asserted claim of the '150 patent is invalid for failure to comply with the requirements of 35 U.S.C. § 103.

15. To the extent necessary, Plaintiffs will show that Defendants did not and cannot prove by clear and convincing evidence that any claim of the '150 patent asserted against Defendants is invalid for failure to comply with the written description, enablement, or definiteness requirements of 35 U.S.C. § 112.

16. To the extent necessary, Plaintiffs will show that without the use of hindsight, a person of ordinary skill at the time of the invention ("POSA") would not have had a reason to combine prior art references to arrive at the inventions recited in the asserted claims of the '150 patent.

17. To the extent necessary, Plaintiffs will show that any purported prior art references cited by Defendants, alone or in combination, do not render any asserted claims of the '150 patent obvious including because there was no reason or motivation for a POSA to combine such references to arrive at the invention and that the POSA would not have had a reasonable expectation of success in doing so.

18. To the extent necessary, Plaintiffs will show that the '150 patent is entitled to a priority date of May 28, 2003.

**C.  Secondary Considerations of Nonobviousness**

1. To the extent necessary, Plaintiffs will show that objective indicia of non-obviousness, including but not limited to commercial success, long-felt need, copying, acquiescence, failure of others, skepticism, unexpected results, and industry praise, demonstrate that the inventions of the '832 patent would not have been obvious.

2. To the extent necessary, Plaintiffs will show that Suboxone® sublingual film practices those claims of the '832 patent asserted against Watson, and therefore it is a commercial embodiment of those claims.

3. To the extent necessary, Plaintiffs will show that there is a nexus between the commercial success of Suboxone® sublingual film and those claims of the '832 patent asserted against Watson.

4. To the extent necessary, Plaintiffs will show that objective indicia of non-obviousness, including but not limited to commercial success, long-felt need, copying, acquiescence, failure of others, skepticism, unexpected results, and industry praise, demonstrate that the inventions of the '514 patent would not have been obvious.

5. To the extent necessary, Plaintiffs will show that Suboxone® sublingual film practices those claims of the '514 patent asserted against Watson, and therefore it is a commercial embodiment of those claims.

6. To the extent necessary, Plaintiffs will show that there is a nexus between the commercial success of Suboxone® sublingual film and those claims of the '514 patent asserted against Watson.

**D. Relief**

1. Plaintiffs will prove that they are entitled to an order that the effective date of any approvals of Watson's ANDA No. 204383 and No. 207087 shall not be earlier than the expiration date of the '832 patent, including any patent term extensions, or exclusivities, or any later date which may currently or in the future apply pursuant to law.

2. Plaintiffs will prove that they are entitled to a judgment permanently enjoining Watson and all persons or entities in concert with Watson, from engaging in the

7

commercial manufacture, use, offer for sale, and sale in the United States, or importation into the United States, of their respective generic products at issue, until after the expiration of the '832 patent including any patent term extensions, or exclusivities, or any later date which may currently or in the future apply pursuant to law.

      3.     Plaintiffs reserve their right to prove (at a subsequent proceeding, as appropriate) that they are entitled to damages pursuant to 35 U.S.C. §§ 271, 284 if Watson commercially manufactures, uses, sells, or offers to sell, in the United States, or import into the United States, its respective generic products at issue, prior to the expiration of the '832 patent, including any patent term extensions, or exclusivities, or any later date which may currently or in the future apply pursuant to law.

      4.     Plaintiffs will prove that they are entitled to an order that the effective date of any approvals of Watson's ANDA No. 204383 and No. 207087 shall not be earlier than the expiration date of the '514 patent, including any patent term extensions, or exclusivities, or any later date which may currently or in the future apply pursuant to law.

      5.     Plaintiffs will prove that they are entitled to a judgment permanently enjoining Watson and all persons or entities in concert with Watson, from engaging in the commercial manufacture, use, offer for sale, and sale in the United States, or importation into the United States, of their respective generic products at issue, until after the expiration of the '514 patent including any patent term extensions, or exclusivities, or any later date which may currently or in the future apply pursuant to law.

      6.     Plaintiffs reserve their right to prove (at a subsequent proceeding, as appropriate) that they are entitled to damages pursuant to 35 U.S.C. §§ 271(e), 284 if Watson commercially manufactures, uses, sells, or offers to sell, in the United States, or import into the

United States, its respective generic products at issue, prior to the expiration of the '514 patent, including any patent term extensions, or exclusivities, or any later date which may currently or in the future apply pursuant to law.

7. Plaintiffs reserve their rights to prove (at a subsequent proceeding, as appropriate) that they are entitled to attorney fees under 35 U.S.C. § 285 or any other applicable law providing for the award of fees, costs and/or expenses.

8. Plaintiffs will prove that they are entitled to an order that the effective date of any approvals of Watson's ANDA No. 204383 and No. 207087 shall not be earlier than the expiration date of the '150 patent, including any patent term extensions, or exclusivities, or any later date which may currently or in the future apply pursuant to law.

9. Plaintiffs will prove that they are entitled to a judgment permanently enjoining Watson and all persons or entities in concert with Watson, from engaging in the commercial manufacture, use, offer for sale, and sale in the United States, or importation into the United States, of their respective generic products at issue, until after the expiration of the '150 patent including any patent term extensions, or exclusivities, or any later date which may currently or in the future apply pursuant to law.

10. Plaintiffs reserve their right to prove (at a subsequent proceeding, as appropriate) that they are entitled to damages pursuant to 35 U.S.C. §§ 271, 284 if Watson commercially manufactures, uses, sells, or offers to sell, in the United States, or import into the United States, its respective generic products at issue, prior to the expiration of the '150 patent, including any patent term extensions, or exclusivities, or any later date which may currently or in the future apply pursuant to law.