<u>**PROPOSED JOINT PRETRIAL ORDER EXHIBIT 13**</u>

<u>**DEFENDANTS' STATEMENT OF INTENDED PROOFS**</u>

Defendants respectfully submit this brief statement of what they intend to prove at trial. This statement is not intended to be exhaustive, and Defendants reserve the right to prove any matters identified in the pleadings, fact and expert discovery, and any of the accompanying statements of facts and legal issues to be litigated at trial. With respect to proof to be presented by expert testimony, Defendants incorporate by reference the reports of Defendants' expert witnesses addressing the issues identified below.

Defendants reserve the right to prove or respond to any issues of fact or law set forth in Defendants' Statement of Issues of Fact that Remain to be Litigated and Defendants' Statement of Issues of Law that Remain to be Litigated. Defendants further reserve the right to amend and/or supplement this statement to the extent necessary to respond to issues raised by Plaintiffs, and to rebut any alleged proof(s) offered by Plaintiffs before and during trial, in response to rulings by the Court, or for any other reason.

**I.   <u>NONINFRINGEMENT OF WATSON'S ANDA PRODUCTS</u>**

**A.   <u>The '832 Patent</u>**

1.   Plaintiffs have the burden of proving, by a preponderance of the evidence, that Watson infringed claims 1, 3, 6, and/or 15-19 of the '832 patent by filing ANDA No. 204383 and ANDA No. 207087 with the FDA seeking approval to commercially manufacture, use, offer to sell, or sell in the United States, or import into the United States, a generic version of Plaintiffs' Suboxone® sublingual film for the treatment of opioid dependence ("Watson's

1

proposed ANDA products")[1].  Watson will, to the extent necessary, introduce evidence to rebut Plaintiffs' infringement contentions.

2.     Plaintiffs have the burden of proving, by a preponderance of the evidence, that the commercial manufacture, use, sale or offer for sale in the United States, or importation into the United States, of Watson's proposed ANDA products before the expiration of the '832 patent will directly and/or indirectly infringe one or more of the claims asserted against Watson. Watson will, to the extent necessary, introduce evidence to rebut Plaintiffs' contentions.

**B.    The '514 Patent**

1.     Plaintiffs have the burden of proving, by a preponderance of the evidence, that Watson infringed claims 62, 64, 65, 69, and/or 73 of the '514 patent by filing ANDA No. 204383 and/or ANDA No. 207087.  Watson will, to the extent necessary, introduce evidence to rebut Plaintiffs' contentions.

2.     Plaintiffs have the burden of proving, by a preponderance of the evidence, that the commercial manufacture, use, sale or offer for sale in the United States, or importation into the United States, of Watson's proposed ANDA products before the expiration of the '514 patent will directly and/or indirectly infringe one or more of the claims asserted against Watson. Watson will, to the extent necessary, introduce evidence to rebut Plaintiffs' contentions.

**C.    The '150 Patent**

1.     Plaintiffs have the burden of proving, by a preponderance of the evidence, that Watson infringed claims 1 and/or 4 of the '150 patent by filing ANDA No. 204383 and/or

---

[1] Watson has filed ANDAs for a proposed generic form of Suboxone® sublingual film in four dosage amounts: 2 mg buprenorphine/0.5 mg naloxone; 4 mg/buprenorphine/1 mg naloxone; 8 mg buprenorphine/2 mg naloxone; and 12 mg buprenorphine/3 mg naloxone.

CH\2180786.2

ANDA No. 207087, prior to the expiration of the '150 patent.  Watson will, to the extent necessary, introduce evidence to rebut Plaintiffs' contentions.

2.      Plaintiffs have the burden to prove, by a preponderance of the evidence, that the commercial manufacture, use, sale or offer for sale in the United States, or importation into the United States, of Watson's Generic Product before the expiration of the '150 patent will directly and/or indirectly infringe one or more of the claims asserted against Watson.  Watson will, to the extent necessary, introduce evidence to rebut Plaintiffs' contentions.

## II.    LACK OF WRITTEN DESCRIPTION

### A.    The '514 Patent

1.      Defendants will prove by clear and convincing evidence that to the extent they are not obvious, claims 62, 64, 65, 69, and 73 of the '514 patent are invalid under 35 U.S.C. § 112, first paragraph, for failure to comply with the written description requirement.

### B.    The '150 Patent

1.      Defendants will prove by clear and convincing evidence that claims 1, 4, 10, and 13 of the '150 patent are invalid under 35 U.S.C. § 112, first paragraph, for failure to comply with the written description requirement.

## III.   LACK OF ENABLEMENT

### A.    The '832 Patent

1.      Defendants will prove by clear and convincing evidence that claims 1, 3, and 6 of the '832 patent are invalid under 35 U.S.C. § 112, first paragraph, for failure to comply with the enablement requirement.

B.    **The '150 Patent**

1.    Defendants will prove by clear and convincing evidence that to the extent they are not obvious, the asserted claims of the '150 patent are invalid under 35 U.S.C. § 112, first paragraph, for failure to comply with the enablement requirement.

IV.    **INDEFINITENESS**

A.    **The '832 Patent**

1.    Defendants will prove by clear and convincing evidence that claims 1, 3, and 6 of the '832 patent are invalid under 35 U.S.C. § 112, second paragraph, for failure to comply with the definiteness requirement.

B.    **The '514 Patent**

1.    Defendants will prove by clear and convincing evidence that claims 62, 64, 65, 69, and 73 of the '514 patent are invalid under 35 U.S.C. § 112, second paragraph, for failure to comply with the definiteness requirement.

C.    **The '150 Patent**

1.    Defendants will prove by clear and convincing evidence that claims 1, 4, 10, and 13 of the '150 patent are invalid under 35 U.S.C. § 112, second paragraph, for failure to comply with the definiteness requirement.

V.    **ANTICIPATION**

A.    **The '832 Patent**

1.    Defendants will prove by clear and convincing evidence that claims 15-19 are invalid under 35 U.S.C. § 102(b) as anticipated by the prior art, including Euro-Celtique[2] and LabTec[3].

---

[2] WO2008/025791 to Euro-Celtique (DTX-0590).

2.      Defendants will prove by clear and convincing evidence that claims 1, 3, and 6 are anticipated by the Suboxone tablet[4] as evidenced by the Suboxone® sublingual tablet 2002 label, the SBOA[5], and/or EMEA[6].

## VI.   OBVIOUSNESS

### A.   The '832 Patent

1.      Defendants will prove by clear and convincing evidence that claims 1, 3, 6, and 15-19 of the '832 patent are invalid under 35 U.S.C. § 103(a), because they would have been obvious as of the effective priority date in view of the prior art, including the Suboxone® sublingual tablet 2002 label[7], Euro-Celtique, LabTec, Cassidy[8], Birch[9], the SBOA[10], and/or EMEA[11].

2.      Plaintiffs bear the burden to show that there is a nexus between the commercial success of Suboxone® sublingual film and those claims of the '832 patent asserted against Defendants.  Defendants will, to the extent necessary, introduce evidence to rebut Plaintiffs' evidence regarding any nexus between the commercial success of Suboxone® and the claimed subject matter of the '832 patent.

---

[3] WO2008/040534 to LabTec (DTX-0582).

[4] NDA-20-732, NDA 20-733 page 7-54, Suboxone/Subutex descriptions ("Suboxone® sublingual tablet 2002 label") (DTX-0240)

[5] Tablet Summary Basis of Approval (DTX-0621).

[6] The European Medicines Agency Initial Marketing-Authorisation Document, Scientific Discussion, Oct. 19, 2006 for Suboxone® sublingual tablets (DTX-0152).

[7] Suboxone® sublingual tablet 2002 label (DTX-0240)

[8] Cassidy, J.P., et al., "Controlled buccal delivery of buprenorphine," JOURNAL OF CONTROLLED RELEASE, 25 (1993) at 21-29 (DTX-0140).

[9] U.S. Pub. No. 2005/0085440 (DTX-0238).

[10] Tablet Summary Basis of Approval (DTX-0621).

[11] The European Medicines Agency Initial Marketing-Authorisation Document, Scientific Discussion, Oct. 19, 2006 for Suboxone® sublingual tablets (DTX-0152).

3.      Plaintiffs bear the burden to show that objective indicia of non-obviousness, including but not limited to commercial success, long-felt need, copying, acquiescence, failure of others, skepticism, unexpected results, and industry praise, demonstrate that the inventions of the '832 patent would not have been obvious.  Defendants will, to the extent necessary, introduce evidence to rebut Plaintiffs' evidence regarding any objective indicia of non-obviousness to demonstrate that the inventions of the '832 patent would not have been obvious.  Defendants will, to the extent necessary, introduce evidence to rebut Plaintiffs' evidence regarding any alleged objective indicia of non-obviousness related to the claimed subject matter of the '832 patent.

4.      Plaintiffs bear the burden to show that Suboxone® sublingual film practices those claims of the '832 patent asserted against Defendants, and therefore it is a commercial embodiment of those claims.  Defendants will, to the extent necessary, introduce evidence to rebut Plaintiffs' evidence regarding whether Suboxone® sublingual film practices the asserted claims of the '832 patent.

**B.      The '514 Patent**

1.      Defendants will prove by clear and convincing evidence that claims 62, 64, 65, 69, and 73 of the '514 patent are invalid under 35 U.S.C. § 103(a), because they would have been obvious as of the effective priority date in view of the prior art, including Chen[12] and Bess[13], and the knowledge of a person of skill in the art.

2.      Plaintiffs bear the burden to show that there is a nexus between the commercial success of Suboxone® sublingual film and those claims of the '514 patent asserted against Defendants.  Defendants will, to the extent necessary, introduce evidence to rebut

---

[12] WO2000/42992 (DTX-0583) and U.S. Patent No. 6,552,024 (DTX-0541).
[13] U.S. Pat. No. 7,067,116 (DTX-0585) and WO2001/70194 (DTX-0556).

Plaintiffs' evidence regarding any nexus between the commercial success of Suboxone® and the claimed subject matter of the '514 patent.

3.    Plaintiffs bear the burden to show that objective indicia of non-obviousness, including but not limited to commercial success, long-felt need, copying, acquiescence, failure of others, skepticism, unexpected results, and industry praise, demonstrate that the inventions of the '514 patent would not have been obvious.  Defendants will, to the extent necessary, introduce evidence to rebut Plaintiffs' evidence regarding any objective indicia of non-obviousness to demonstrate that the inventions of the '514 patent would not have been obvious.  Defendants will, to the extent necessary, introduce evidence to rebut Plaintiffs' evidence regarding any alleged objective indicia of non-obviousness related to the claimed subject matter of the '514 patent.

4.    Plaintiffs bear the burden to show that Suboxone® sublingual film practices those claims of the '514 patent asserted against Defendants, and therefore it is a commercial embodiment of those claims.  Defendants will, to the extent necessary, introduce evidence to rebut Plaintiffs' evidence regarding whether Suboxone® sublingual film practices the asserted claims of the '514 patent.

C.    **The '150 Patent**

1.    Defendants will prove by clear and convincing evidence that claims 1, 4, 10, and 13 of the '150 patent are invalid under 35 U.S.C. § 103(a), because they would have been obvious as of the effective priority date in view of the prior art, including Schiraldi[14], Chen[15], Apicella[16], Verma[17], Keith[18], Fuller[19], and/or Yang[20].

---

[14] U.S. Pat. No. 4,713,243 (DTX-0402).
[15] WO2000/42992 (DTX-0583) and U.S. Patent No. 6,552,024 (DTX-0541).

CH\2180786.2

2.      Plaintiffs bear the burden to show that there is a nexus between the commercial success of Suboxone® sublingual film and those claims of the '150 patent asserted against Defendants.   Defendants will, to the extent necessary, introduce evidence to rebut Plaintiffs' evidence regarding any nexus between the commercial success of Suboxone® and the claimed subject matter of the '150 patent.

3.      Plaintiffs bear the burden to show that objective indicia of non-obviousness, including but not limited to commercial success, long-felt need, copying, acquiescence, failure of others, skepticism, unexpected results, and industry praise, demonstrate that the inventions of the '150 patent would not have been obvious.   Defendants will, to the extent necessary, introduce evidence to rebut Plaintiffs' evidence regarding any objective indicia of non-obviousness to demonstrate that the inventions of the '150 patent would not have been obvious.   Defendants will, to the extent necessary, introduce evidence to rebut Plaintiffs' evidence regarding any alleged objective indicia of non-obviousness related to the claimed subject matter of the '150 patent.

4.      Plaintiffs bear the burden to show that Suboxone® sublingual film practices those claims of the '150 patent asserted against Defendants, and therefore it is a commercial embodiment of those claims.   Defendants will, to the extent necessary, introduce evidence to rebut Plaintiffs' evidence regarding whether Suboxone® sublingual film practices the asserted claims of the '150 patent.

---

[16] Apicella et al., Poly(ethylene oxide) (PEO) and different molecular weight PEO blends monolithic devices for drug release, Biomaterials, Vol. 14, No. 2, 83-90 (1993) (DTX-0139).
[17] U.S. Pat. No. 6,322,811 (DTX-0535) and WO 99/40156 (DTX-846).
[18] U.S. Pat. No. 4,764,378 (DTX-0408).
[19] Fuller, C.S. et al, Interactions in poly(ethylene oxide)-hydroxypropyl methylcellulose blends, Polymer, 42 (2001) at 9582-9592 (DTX-0143).
[20] U.S. Publ. No. 2005/0037055 (DTX-0237).

## VII.    OBVIOUSNESS-TYPE DOUBLE PATENTING

1.    Defendants will prove by clear and convincing evidence that the asserted claims of the '514 patent are invalid for obviousness-type double patenting over U.S. Patent No. 7,897,080.

## VIII.    RELIEF

1.    Defendants will present evidence in support of their request for a declaration under 28 U.S.C. § 2201 that claims 1, 3, and 6 of the '832 patent are invalid under 35 U.S.C § 112.

2.    Defendants will present evidence in support of their request for a declaration under 28 U.S.C. § 2201 that claims 1, 3, 6, and 15-19 of the '832 patent are invalid under 35 U.S.C § 102(b).

3.    Defendants will present evidence in support of their request for a declaration under 28 U.S.C. § 2201 that claims 1, 3, 6, and 15-19 of the '832 patent are invalid under 35 U.S.C § 103(a).

4.    Defendants will present evidence in support of their request for a declaration under 28 U.S.C. § 2201 that claims 62, 64, 65, 69, and 73 of the '514 patent are invalid under 35 U.S.C. § 103(a).

5.    Defendants will present evidence in support of their request for a declaration under 28 U.S.C. § 2201 that claims 62, 64, 65, 69, and 73 of the '514 patent are invalid under 35 U.S.C § 112.

6.    Defendants present evidence in support of their request for a declaration under 28 U.S.C. § 2201 that claims 1, 4, 10, and 13 of the '150 patent are invalid under 35 U.S.C § 112.

7.      Defendants will present evidence in support of their request for a declaration under 28 U.S.C. § 2201 that claims 1, 4, 10, and 13 of the '150 patent are invalid under 35 U.S.C § 103(a).

8.      Watson will present evidence in support of its request for a declaration under 28 U.S.C. § 2201 that the commercial manufacture, use, offer for sale, or importation of its proposed ANDA products would not infringe claims 1, 3, 6, or 15-19 of the '832 patent under 35 U.S.C. § 271.

9.      Watson will present evidence in support of its request for a declaration under 28 U.S.C. § 2201 the commercial manufacture, use, offer for sale, or importation of its ANDA products would not infringe claims 62, 64, 65, 69, and 73 of the '514 patent under 35 U.S.C. § 271.

10.     Watson will present evidence in support of its request for a declaration under 28 U.S.C. § 2201 that the commercial manufacture, use, offer for sale, or importation of its ANDA products would not infringe claims 1 and 4 of the '150 patent under 35 U.S.C. § 271.

11.     Defendants will present evidence in support of their request for costs and attorneys' fees under 35 U.S.C. § 285.

CH\2180786.2