# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RECKITT BENCKISER PHARMACEUTICALS INC., RB PHARMACEUTICALS LIMITED, and MONOSOL RX, LLC, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 13-1674 (RGA) |
| v. | ) ) | Consolidated |
| WATSON LABORATORIES, INC., | ) ) ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| RECKITT BENCKISER PHARMACEUTICALS INC., RB PHARMACEUTICALS LIMITED, and MONOSOL RX, LLC, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 14-0422 (RGA) |
| PAR PHARMACEUTICAL, INC., and INTELGENX TECHNOLOGIES CORP. | ) ) ) ) | |
| Defendants. | ) | |

**MOTION *IN LIMINE* TO PRECLUDE EVIDENCE
CONCERNING *INTER PARTES* REVIEW**

27585352

Plaintiffs hereby move *in limine* to preclude Defendants from offering evidence at trial concerning *inter partes* review (IPR) proceedings initiated before the Patent Trial and Appeal Board (PTAB) by a third party, Biodelivery Sciences International, Inc. (BDSI). This Court will independently be evaluating Defendants' defense of invalidity, and in doing so will apply different legal standards, hear from different experts, receive different evidence, and have a wholly separate record from that before the PTAB. Nevertheless, Defendants have identified on their exhibit lists a dozen proposed trial exhibits relating to two IPR petitions filed by BDSI concerning U.S. Patent No. 8,475,832 (the '832 Patent). One petition was rejected by the PTAB. As to the other, the PTAB issued a decision finding by a preponderance of the evidence under its "broadest reasonable interpretation" standard that claims 15–19 are not patentable. This decision is on appeal at the Federal Circuit. Plaintiffs believe the PTAB's decision as to claims 15–19 of the '832 Patent rests on legal and factual errors.

Under Fed. R. Evid. 403, Defendants should be precluded from offering evidence concerning the IPR proceedings, which would have minimal probative value that would be substantially outweighed by the risk of unfair prejudice, confusion, and wasting of time. Further, Defendants' experts never disclosed in expert reports any reliance on the final decision of the PTAB, so any attempt to introduce it would also be contrary to Fed. R. Civ. P. 26(a)(2)(B).

Rule 403 provides that evidence should be excluded if, as here, "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." It is well-recognized that materials from post-grant proceedings like IPR or reexamination are properly excluded under Rule 403. *Interdigital Commc'ns Inc. v. Nokia Corp.*, C.A. No. 13-10, 2014 WL 8104167 (D. Del. Sept. 19, 2014) (Andrews, J.); *cf.*

*Personalized User Model, L.L.P. v. Google Inc.*, No. CV 09-525-LPS, 2014 WL 807736, at *3 (D. Del. Feb. 27, 2014) ("Given . . . the different standards applicable to reexaminations and litigation, the probative value of the reexamination evidence is substantially outweighed by the risk of unfair prejudice and the risk of confusing the jury."); *IA Labs CA, LLC v. Nintendo Co.*, 857 F. Supp. 2d 550, 551–52 (D. Md. 2012) ("As for the probative value and potential prejudice of the reexamination proceedings, the Court agrees with the vast majority of courts that such evidence has 'little relevance to the jury's independent deliberations on the factual issues underlying the question of obviousness' and that 'risk of jury confusion' is 'high.'").

Any probative value from the IPR proceedings is low. As this Court has recognized, "IPR decisions are made by lawyers who are not persons of ordinary skill in the art." *Interdigital Commc'ns*, 2014 WL 8104167, at *1. And, the PTAB applies a broader claim interpretation standard, a different evidentiary standard, and a different burden of proof than the Court. *Dynamic Drinkware, LLC v. Nat'l Graphics, Inc.*, 800 F.3d 1375, 1379 (Fed. Cir. 2015); *In re Cuozzo Speed Techs., LLC*, 793 F.3d 1268, 1279 (Fed. Cir. 2015) (PTAB applies the "broadest reasonable interpretation" standard in IPR); *see Wis. Alumni Research Found. v. Apple, Inc.*, No. 14-CV-062-WMC, 2015 WL 5704356, at *7 (W.D. Wis. Sept. 29, 2015) (An "IPR proceeding is subject to different standards, purposes and outcomes than both the original prosecution and this court proceeding."). In the District Court, a patent is entitled to a presumption of validity, and a defendant must present clear and convincing evidence to show invalidity. But "[i]n an inter partes review, the burden of persuasion … to prove unpatentability" is only "by a preponderance of the evidence." *Dynamic Drinkware*, 800 F.3d at 1378. Further, the record before the PTAB is markedly different than the evidence that will be presented to the Court. The PTAB had before it numerous materials that Defendants do not include on their exhibit list. *None* of the experts who

2

submitted IPR declarations for BDSI (or RB Pharmaceuticals) provided an expert report or testimony in this litigation, nor do any of these experts appear on Defendants' witness list.

Not only is the probative value of any evidence concerning these proceedings low, but the risk of prejudice is high given the different evidence and legal standards at issue, as well as the fact that the PTAB's decision is the subject of a pending appeal. *See, e.g.*, *Personalized User Model*, 2014 WL 807736, at *3 (granting motion *in limine* because "[g]iven the non-finality of the reexamination proceedings (appeal rights have not been exhausted) and the different standards applicable to reexaminations and litigation, the probative value of the reexamination evidence is substantially outweighed by the risk of unfair prejudice and the risk of confusing the jury"). Further, as this Court has recognized, "because of the complexity involved in giving the full context, there would also be a significant risk of confusion of the issues." *Interdigital Commc'ns*, 2014 WL 8104167, at *1. Providing necessary context and completeness would undoubtedly engender dispute and would waste time.[1] The materials Defendants have identified from the IPR proceedings would also raise significant hearsay issues.[2]

Finally, any attempt by Defendants to admit the PTAB's decision (which is on appeal) would be improper for the independent reason that Defendants' experts never disclosed any consideration of, or reliance on, any decision of the PTAB. *See* FRCP 26(a)(2)(B). Moreover, the PTAB decision itself is not evidence.

Thus, the Court should preclude Defendants from offering evidence concerning the IPRs.

---

[1] Defendants' proposed exhibits DTX 633–634 are even less probative than materials related to the IPR currently on appeal, as the PTAB *declined* to institute review in response to the petition that is the subject of these exhibits. *See, e.g.*, *ZiiLabs Inc., Ltd.* v. *Samsung*, 2:14-cv-203-JRG-RSP (D.I. 455 at 6–7) (E.D. Tex. Oct. 28, 2015).

[2] For example, declarations by experts for a non-party (BDSI) in a separate proceeding are inadmissible hearsay.

27585352

Dated: November 17, 2015

        Respectfully submitted,

        */s/ Daniel M. Attaway*
        Mary W. Bourke (#2356)
        Dana K. Severance (#4869)
        Daniel M. Attaway (#5130)
        WOMBLE CARLYLE SANDRIDGE & RICE, LLP
        222 Delaware Avenue, Suite 1501
        Wilmington, DE 19801
        (302) 252-4320
        (302) 252-4330 (Fax)
        mbourke@wcsr.com
        dseverance@wcsr.com
        dattaway@wcsr.com

        *Attorneys for Plaintiffs*