# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RECKITT BENCKISER PHARMACEUTICALS INC., RB PHARMACEUTICALS LIMITED, and MONOSOL RX, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>WATSON LABORATORIES, INC.,<br><br>Defendant. | C.A. No. 13-1674 (RGA)<br><br>Consolidated |
| RECKITT BENCKISER PHARMACEUTICALS INC., RB PHARMACEUTICALS LIMITED, and MONOSOL RX, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>PAR PHARMACEUTICAL, INC., and INTELGENX TECHNOLOGIES CORP.<br><br>Defendants. | C.A. No. 14-0422 (RGA) |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION *IN LIMINE*
TO PRECLUDE EVIDENCE CONCERNING *INTER PARTES* REVIEW**

This Court will apply a different legal standard than the PTAB in evaluating the validity of claims 15–19 of the '832 Patent, and will have before it an entirely separate evidentiary record. Defendants do not dispute this. Further, "IPR decisions are made by lawyers who are not persons of ordinary skill in the art." *Interdigital Commc'ns Inc. v. Nokia Corp.*, C.A. No. 13-10, 2014 WL 8104167, at *1 (D. Del. Sept. 19, 2014) (Andrews, J.). And the PTAB's legal conclusions—made under a preponderance standard—are on appeal. The probative value of the evidence is exceedingly low, and Defendants have not shown otherwise.

Presenting the "full context necessary to fairly evaluate the [IPR] evidence" would also add significant time and complexity—essentially requiring a trial within a trial about the context, significance, correctness, and weight of each statement. *Interdigital*, 2014 WL 8104167, at *1. That this is a bench trial does nothing to alleviate the waste of time and undue complexity from the at-best cumulative evidence. These are further reasons to exclude this minimally probative evidence. *Gulf States Utilities Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir. 1981).

Nor have Defendants even established admissibility. PTAB decisions are not evidence, and were not cited by any expert. The other exhibits are plain hearsay. Defendants reference two general exceptions (Opp. at 1 n.2), but neither applies: (1) the exhibits are not business records as there is no "regularly conducted activity," nor any custodian to establish the necessary conditions are met; and (2) they are not "record[s] or statement[s] of a public office," FRE 803(6) & (8); *Landis v. Jarden Corp.*, 5 F. Supp. 3d 808, 815 (N.D. W. Va. 2014) ("Even if materials [from other lawsuits] qualified as public records based merely upon their inclusion in the investigative file—a dubious proposition … they present a double hearsay problem."). And, the exhibits are not admissions by Plaintiffs. *See Kirk v. Raymark Indus., Inc.*, 61 F.3d 147, 164 (3d Cir. 1995).

The Court should thus preclude Defendants from offering evidence concerning the IPRs.

Dated: December 7, 2015

Respectfully submitted,

*/s/ Daniel M. Attaway*
Mary W. Bourke (#2356)
Dana K. Severance (#4869)
Daniel M. Attaway (#5130)
WOMBLE CARLYLE SANDRIDGE & RICE, LLP
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
(302) 252-4320
(302) 252-4330 (Fax)
mbourke@wcsr.com
dseverance@wcsr.com
dattaway@wcsr.com

*Attorneys for Plaintiffs*