IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RECKITT BENCKISER PHARMACEUTICALS INC., RB PHARMACEUTICALS LIMITED, and MONOSOL RX, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>WATSON LABORATORIES, INC. and ACTAVIS LABORATORIES UT, INC.,<br><br>Defendants. | Civil Action No. 13-1674-RGA |
| RECKITT BENCKISER PHARMACEUTICALS INC., RB PHARMACEUTICALS LIMITED, and MONOSOL RX, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>PAR PHARMACEUTICAL, INC. and INTELGENX TECHNOLOGIES CORP.,<br><br>Defendants. | Civil Action No. 14-422-RGA |

## MEMORANDUM ORDER

Presently before the Court is the Motion in Limine of Plaintiffs Reckitt Benckiser

Pharmaceuticals Inc., RB Pharmaceuticals Limited, and MonoSol Rx, LLC to preclude

Defendants Par Pharmaceutical, Inc., IntelGenx Technologies Corp., Watson Laboratories, Inc.,

and Actavis Laboratories UT, Inc. from offering at trial evidence concerning *inter partes* review of the '832 patent. (D.I. 374-4, 374-5, 374-6). I have also reviewed the parties' responses to my request at the pretrial conference for certain additional information. (D.I. 376, 377). Plaintiffs' motion is **GRANTED IN PART** and **DENIED IN PART**.

As stated at the pretrial conference, Plaintiffs' motion is **GRANTED** with respect to the PTAB's factual findings, decisions, and legal conclusions and **DENIED** to the extent Defendants will offer statements of an opposing party admissible under Fed. R. Evid. 801(d)(2). The remaining part of Plaintiffs' motion concerns documents that would generally fall into the category of inadmissible hearsay. Unless Defendants have some theory as to why they are admissible, they should not offer them into evidence. On the specific issue raised at the pretrial conference concerning the admissibility of the opinion testimony of Defendants' expert Dr. Bley that relies on the Reitman Declaration, Plaintiffs' request is **DENIED** without prejudice. The question whether "experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject" is a factual question that is not amenable to resolution at this time. Fed. R. Evid. 703; *see In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 748–49 (3d Cir. 1994). Assuming a sufficient foundation is laid, Dr. Bley may testify regarding opinions that rely on Dr. Reitman's pH measurement. Plaintiffs should renew at the appropriate time during trial any objections they want to preserve.

Entered this 16 day of December, 2015.

Richard G Andrews
United States District Judge

2