**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| RECKITT BENCKISER PHARMACEUTICALS INC., RB PHARMACEUTICALS LIMITED, and MONOSOL RX, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>WATSON LABORATORIES, INC. and ACTAVIS LABORATORIES UT, INC.,<br><br>Defendants. | C.A. No. 13-1674-RGA |
| RECKITT BENCKISER PHARMACEUTICALS INC., RB PHARMACEUTICALS LIMITED, and MONOSOL RX, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>PAR PHARMACEUTICAL, INC. and INTELGENX TECHNOLOGIES CORP.,<br><br>Defendants. | C.A. No. 14-422-RGA |

## [PROPOSED] FINAL JUDGMENT AND INJUNCTION

This matter having come before the Court for trial on the merits of all remaining issues in the above-captioned cases, namely to resolve the questions of whether Defendants Watson Laboratories, Inc. and Actavis Laboratories UT, Inc. (together, "Watson") infringe any claim of U.S. Patent No. 8,475,832 ("the '832 patent"), U.S. Patent No. 8,603,514 ("the '514 patent"), or U.S. Patent No. 8,017,150 ("the '150 patent"); and whether those claims are invalid; and at trial,

Plaintiffs asserted claims 1, 3, 6, and 15–19 of the '832 patent, claims 1 and 4 of the '150 patent, and claims 62, 64, 65, 69, and 73 of the '514 patent against Watson, and Watson asserted counterclaims of invalidity of claims 1, 3, 6, and 15–19 of the '832 patent, claims 1, 4, 10, and 13 of the '150 patent, and claims 62, 64, 65, 69, and 73 of the '514 patent; and the Court having heard the testimony of the expert witnesses and having considered the evidence submitted by the parties; and the Court having reviewed the post-trial briefs of the parties;

**IT IS ORDERED AND ADJUDGED**, for the reasons set forth in the Court's Trial Opinion dated June 3, 2016 (D.I. 446 in C.A. No. 13-1674), that Final Judgment is hereby entered in favor of Watson and against Reckitt Benckiser Pharmaceuticals Inc., RB Pharmaceuticals Ltd., and Monosol Rx, LLC (collectively "Plaintiffs"), that asserted claims 1, 3, and 6 of the '832 patent are invalid under 35 U.S.C. § 103 and under 35 U.S.C. § 112 and that asserted claims 15–19 of the '832 patent are invalid under 35 U.S.C. § 103;

**ORDERED AND ADJUDGED**, for the reasons set forth in the Court's Trial Opinion dated June 3, 2016 (D.I. 446 in C.A. No. 13-1674), that Final Judgment is hereby entered in favor of Watson and against Plaintiffs that Watson's Abbreviated New Drug Application ("ANDA") products that are the subject of ANDA Nos. 204383 and 207087, in 2 mg/0.5 mg, 4 mg/1 mg, 8 mg/2 mg, and 12 mg/3 mg dosage strengths, do not infringe asserted claims 1, 3, or 6 of the '832 patent, and that Watson's ANDA products that are the subject of ANDA No. 207087, in the 12 mg/3 mg dosage strength, do not infringe claims 15–19 of the '832 patent;

**ORDERED AND ADJUDGED**, for the reasons set forth in the Court's Trial Opinion dated June 3, 2016 (D.I. 446 in C.A. No. 13-1674), that Final Judgment is hereby entered in favor of Plaintiffs and against Watson that Watson's ANDA products that are the subject of

2

ANDA No. 204383, in 2 mg/0.5 mg, 4 mg/1 mg, and 8 mg/2 mg dosage strengths, would infringe claims 15–19 of the '832 patent if those claims were not invalid under 35 U.S.C. § 103;

**ORDERED AND ADJUDGED**, for the reasons set forth in the Court's Trial Opinion dated June 3, 2016 (D.I. 446 in C.A. No. 13-1674), that Final Judgment is hereby entered in favor of Plaintiffs and against Watson, that asserted claims 62, 64, 65, 69, and 73 of the '514 patent were not shown to be invalid;

**ORDERED AND ADJUDGED**, for the reasons set forth in the Court's Trial Opinion dated June 3, 2016 (D.I. 446 in C.A. No. 13-1674), that Final Judgment is hereby entered in favor of Plaintiffs and against Watson, that Watson's ANDA products that are the subject of ANDA Nos. 204383 and 207087, in 2 mg/0.5 mg, 4 mg/1 mg, 8 mg/2 mg, and 12 mg/3 mg dosage strengths, infringe asserted claims 62, 64, 65, 69, and 73 of the '514 patent; and it is further;

**ORDERED AND ADJUDGED**, for the reasons set forth in the Court's Trial Opinion dated June 3, 2016 (D.I. 446 in C.A. No. 13-1674), that Final Judgment is hereby entered in favor of Plaintiffs and against Watson, that claims 1, 4, 10, and 13 of the '150 patent were not shown to be invalid;

**ORDERED AND ADJUDGED**, for the reasons set forth in the Court's Trial Opinion dated June 3, 2016 (D.I. 446 in C.A. No. 13-1674), that Final Judgment is hereby entered in favor of Watson and against Plaintiffs that Watson's ANDA products that are the subject of ANDA Nos. 204383 and 207087, in 2 mg/0.5 mg, 4 mg/1 mg, 8 mg/2 mg, and 12 mg/3 mg dosage strengths, do not infringe claims 1 and 4 of the '150 patent;

**ORDERED** that, pursuant to 35 U.S.C. § 271(e)(4)(A), the Food and Drug Administration ("FDA") shall not make the effective date of any final approval of Watson's

ANDA Nos. 204383 and 207087 earlier than the date of expiration of the '514 patent; and it is further

**ORDERED** that, pursuant to 35 U.S.C. § 271(e)(4)(B), Watson and its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, are hereby enjoined from the commercial manufacture, use, offer to sell, or sale within the United States or importation into the United States of the drug product that is the subject of Watson's ANDA Nos. 204383 and 207087 during the term of the '514 patent; and it is further

**ORDERED** that, in the event that any party appeals this Final Judgment, any motion for attorneys' fees and/or costs under Fed. R. Civ. P. 54(d) and/or Local Rules 54.1 and/or 54.3, including any motion that this case is exceptional under 35 U.S.C. § 285, shall be considered timely if filed and served within thirty (30) days after final disposition of any such appeal; and it is further

**ORDERED** that, in the event that no party appeals this Final Judgment, any motion for attorneys' fees and/or costs under Fed. R. Civ. P. 54(d) and/or Local Rules 54.1 and/or 54.3, including any motion that this case is exceptional under 35 U.S.C. § 285, shall be considered timely if filed and served within thirty (30) days after the expiration of the time for filing a notice of appeal under Federal Rules of Appellate Procedure 3 and 4.

Dated this 28 day of June , 2016

UNITED STATES DISTRICT JUDGE

4