IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RECKITT BENCKISER PHARMACEUTICALS INC., RB PHARMACEUTICALS LIMITED, and MONOSOL RX, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>WATSON LABORATORIES, INC. and ACTAVIS LABORATORIES UT, INC.,<br><br>Defendants. | Civil Action No. 13-1674-RGA |
| RECKITT BENCKISER PHARMACEUTICALS INC., RB PHARMACEUTICALS LIMITED, and MONOSOL RX, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>PAR PHARMACEUTICAL, INC. and INTELGENX TECHNOLOGIES CORP.,<br><br>Defendants. | Civil Action No. 14-422-RGA |

## MEMORANDUM ORDER

Defendants Watson Laboratories, Inc. and Actavis Laboratories UT, Inc.[1] (collectively, "Watson") move to open the judgment pursuant to Federal Rule of Civil Procedure 59. (C.A. No. 13-1674, D.I. 460). Defendants Par Pharmaceutical, Inc. and Intelgenx Technologies Corp. (collectively, "Par") move for new testimony and findings pursuant to Federal Rule of Civil Procedure 52(b) or Federal Rule of Civil Procedure 59. (C.A. No. 14-422, D.I. 459).

---

[1] Defendant Watson Laboratories, Inc. is now known as Actavis Laboratories UT, Inc. (C.A. No. 14-1451, D.I. 228-2, Admitted Fact No. 6).

1

## I. LEGAL STANDARDS

Federal Rule of Civil Procedure 59(a)(2) provides:

> After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

Fed. R. Civ. P. 59(a)(2); *see also* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). "[A] judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the [] judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *United States ex rel. Schumann v. AstraZeneca Pharm. L.P.*, 769 F.3d 837, 848–49 (3d Cir. 2014). Federal Rule of Civil Procedure 52(b) provides:

> On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings--or make additional findings--and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59.

Fed. R. Civ. P. 52(b). The standard for reconsideration under Rule 52(b) is similar to that under Rule 59(a)(2). *See Gutierrez v. Gonzales*, 125 F. App'x 406, 417 (3d Cir. 2005).

## II. DISCUSSION

I entered final judgment on June 28, 2016. (C.A. No. 13-1674, D.I. 452, D.I. 453). On June 29, 2016, I construed the "dried" term in *Reckitt Benckiser Pharmaceuticals, Inc. v. Teva Pharmaceuticals USA, Inc.* (C.A. No. 14-1451, D.I. 175). Since *Teva*, I further clarified my construction of "dried" in *Indivior Inc. v. Mylan Technologies Inc.* (C.A. No. 15-1016, D.I. 87, 93). I also recently issued an opinion regarding Watson's and Par's non-infringement of the related "drying" limitation in U.S. Patent No. 8,900,497 (the "'497 patent"), claim 24. (C.A. No.

2

14-1451). On September 30, 2016, Watson submitted a Major Amendment to Watson's ANDAs to propose a commercial scale-up manufacturing process for Watson's Proposed ANDA Product (the "new" process). (C.A. No. 14-1451, D.I. 228-2, Exh. 1 at p. 10). My previous Trial Opinion related only to ANDA Nos. 204383 and 207087 (the "old" process). (C.A. No. 13-1674, D.I. 446 at 5, D.I. 453).

Watson argues that the judgment of infringement should be opened to prevent manifest injustice under Federal Rule of Civil Procedure 59. Watson argues that the central issue is that in light of my construction of "dried" in *Teva*, conventional top-down drying was excluded and Watson's new process exclusively uses top-down drying such that it does not infringe. Watson argues that opening the judgment will not prejudice plaintiffs because plaintiffs would have a chance to fully litigate this issue with respect the '497 patent. I have recognized that the construction of the term "dried" in the '514 patent is the same as the construction of the term "drying" in the '497 patent. (C.A. No. 15-1016, D.I. 87, 93). Watson argues that the judgment should be opened to harmonize the claim constructions. Watson argues that there is a strong public interest in permitting Watson's ANDA product to enter the market. Par's arguments are substantially similar to those of Watson's. Par additionally argues for relief under Federal Rule of Civil Procedure 52(b).

Plaintiffs argue that prior to judgment, Defendants did not ask me to construe the term "dried." Plaintiffs argue that Defendants could have avoided the outcome. Plaintiffs are clearly correct. Defendants jointly submitted with Teva a "Joint Claim Construction Statement" on November 17, 2015, in which Teva's specialized construction of "drying" was jointly proposed. (*See* C.A. No. 14-1451, D.I. 92-1 at 10–12, 19). Plaintiffs argue that Defendants' decision not to raise that construction here was a strategic one to give them stronger potential invalidity

3

arguments at the expense of potential infringement arguments. Plaintiffs argue that there is no policy requiring absolute uniformity in claim construction. (C.A. No. 13-1674, D.I. 467 at 12 (citing *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 391 (1996) ("[T]reating interpretive issues as purely legal will promote (though it will not guarantee) intrajurisdictional certainty . . . ."))). Plaintiffs argue that Defendants' position is contrary to the public interest in achieving finality and conserving judicial resources. As such, Plaintiffs argue there is no manifest injustice. Watson responds that Watson had no reason to propose the "dried" construction because it would be irrelevant to the infringement inquiry under the facts then known because Watson's old process used a bottom-mounted heated coating roller.

I place significant weight on the fact that Par was aware of Teva's specialized construction of "dried" but nonetheless did not pursue that construction in this case. I think the only reasonable conclusion is that this was a strategic decision made by Par. Par has thus fully waived its right to contest this issue. *See Lazare Kaplan Int'l, Inc. v. Photoscribe Techs., Inc.*, 628 F.3d 1359, 1376 (Fed. Cir. 2010) ("[L]itigants waive their right to present new claim construction disputes if they are raised for the first time after trial."). *See also Butamax Advanced Biofuels LLC v. Gevo Inc.*, 2015 WL 4919975, at *1 (D. Del. Aug. 18, 2015) ("A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made and may not be used 'as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided.'").

Watson also does not get a pass. I am far from sympathetic to Watson given that they knew of *Teva*'s construction well before my judgment. At no time prior to judgment did Watson request a different construction of "dried." By failing to raise this issue, Watson implicitly conceded that the term is to be accorded its plain and ordinary meaning. This potentially gave

4

Watson a stronger invalidity argument at the expense of noninfringement. Furthermore, Watson is self-contradictory as to whether Watson had a good reason not to propose the *Teva* construction prior to trial. In Watson's attempt to reopen the judgment, Watson suggests that the original ANDA process would infringe under the *Teva* construction and thus Watson had no reason to propose the construction. In a deposition, Watson's expert, Dr. Gogolin, undercut this reason when he testified that Watson's original ANDA process did not infringe the *Teva* construction. (*See* C.A. 13-1674, D.I. 475-3 at 192:4–193:13, D.I. 475-1 ¶¶ 40–58, D.I. 475-2 ¶ 83). In light of these contradictory positions, I have credibility concerns with respect to representations made in Watson's motion. I am not persuaded that Watson should receive a second bite of the apple.

As to the other considerations Defendants raise, while there is a public interest in permitting market entry, this is offset by the public interest in achieving finality and judicial efficiency. Defendants are sophisticated repeat litigants represented by experienced national law firms. They should be bound by the litigation decisions they make. Limited weight is given to Defendants' argument that Plaintiffs would have a chance to litigate the issue with respect to the '497 patent. With respect to consistency, I think having consistency across decisions is important, but, I also recognize that absolute uniformity is not required. *See Markman*, 517 U.S. at 391. Further, although *Teva* is not complaining, I do not see why Defendants should be able to take advantage of their competitor's litigation decisions, when they have made a contrary decision which they now regret. Considering all of the above, Defendants fail to demonstrate manifest injustice would result.[2]

---

[2] Par makes the further argument that a change in claim construction amounts to a "change in the controlling law." I am not persuaded by this because my claim constructions are not binding precedent on anyone, including me. The "change in the controlling law" is meant to refer, in the usual case, to a decision of the Supreme Court or the Court of Appeals.

5

## III. CONCLUSION

Watson's Rule 59 Motion to Open the Judgment (C.A. No. 13-1674, D.I. 460) is **DENIED**. Par's Motion for New Testimony and Findings Pursuant to Rule 52(b) or Rule 59 is **DENIED**. (C.A. No. 13-1674, D.I. 459). It is **SO ORDERED** this 31 day of August, 2017.

Richard G. Andrews
United States District Judge